2000 ME 137

**Albert A. HEBER**

v.

**LUCERNE–IN–MAINE VILLAGE
CORPORATION.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 15, 2000.

Decided July 13, 2000.

Edmond J. Bearor, Esq., Rudman & Winchell, LLC, Bangor, for plaintiff.

David F. Szewczyk, Esq., Macdonald Chase & Szewczyk, Bangor, for defendant.

Panel WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, and ALEXANDER, JJ.

SAUFLEY, J.

[¶ 1] Albert Heber appeals from a judgment entered in the Superior Court (Penobscot County, *Kravchuk, J.*) dismissing his complaint against the Lucerne–in–Maine Village Corporation alleging damage to his property resulting from the overflow of Phillips Lake. We vacate the judgment of dismissal.

## I. BACKGROUND

[¶ 2] In 1961, the Lucerne–in–Maine Village Corporation was authorized by the Legislature, through a private and special law, to construct and maintain a dam across Phillips Lake. *See* P. & S.L.1961, ch. 188, *repealed by* P. & S.L.1999, ch. 3 (effective Sept. 18, 1999). Specifically, the 1961 Act made the Village responsible for maintaining the water level of the lake "no higher than elevation 227 feet above sea level," and provided that the Village "shall be liable to any injured person in an action for the recovery of damages for the overflowing of lands." *Id.*

[¶ 3] Albert Heber owns property that abuts Phillips Lake. On several occasions during the summer of 1998, Heber contacted the Village to express his concern that the lake's water level was above 227 feet and was flooding his property. The Village indicated that it was not willing to expend the funds necessary to survey the lake or dam. Thereafter, a professional land surveyor hired by Heber concluded that the lake's water level was 227.5 feet above sea level. Heber sent the Village a copy of the survey and a letter detailing the extent of damage to his property resulting from flooding.

[¶ 4] Several months later, Heber noticed a survey marker near the dam. He asked the Village whether it had also obtained the services of a surveyor and requested a copy of any survey. For the next several months, Heber sought, and the Village attempted to keep private, the results of the surveyor's report. The Village eventually turned over the report after Heber filed suit pursuant to Maine's Freedom of Access Act. *See* 1 M.R.S.A. §§ 401–410 (1989 & Supp.1999). The Village's surveyor also found that the water level of the lake was above the 227 feet maximum. Heber filed a complaint in the Superior Court on July 1, 1999, seeking damages for the flooding of his land.

[¶ 5] While Heber and the Village were corresponding, a new private and special law was introduced in the Legislature on February 4, 1999. *See* P. & S.L.1999, ch. 3. The 1999 Act, entitled "An Act to Repeal the Authorization of Lucerne–in–Maine Village Corporation to Construct Dams and Fishways," provides in its entirety: "P & SL 1961, c. 188 is repealed." *Id.* The Act's legislative history consists

of a single paragraph summarizing the Act: "This bill repeals the authority given to Lucerne–in–Maine Village Corporation to construct, operate, and maintain a dam and a fishway at the outlet of Phillips Lake in the town of Dedham." L.D. 1007, Summary (119th Legis.1999). The 1999 Act was enacted on April 2, 1999, and became effective on September 18, 1999. *See* P. & S.L.1999, ch. 3. The repeal effectively eliminated the ability of abutters to obtain overflow damages caused by the Village's maintenance of the dam.[1]

[¶ 6] Heber's complaint, which was filed after the 1999 Act was enacted, but before it became effective, was dismissed because the court concluded that "the repeal of the 1961 Act operated to extinguish any claim by the plaintiff because his action was not pending within the meaning of [1 M.R.S.A. § 302 (1989) ] at the time of the repeal." This appeal follows.

## II. STANDARD OF REVIEW

■■■■ [¶ 7] "A motion to dismiss tests the legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). "In reviewing a dismissal, we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal is proper "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Board of Envtl. Protection*, 498 A.2d 260, 266 (Me.1985). The single question presented here is whether the court erred in determining that Heber is entitled to no relief because the April 2, 1999, repeal applies to Heber's complaint thereby extinguishing his cause of action for damages resulting from the overflow of Phillips Lake. We review the Superior Court's legal conclusions de novo.

*See H.E. Sargent, Inc. v. Town of Wells*, 676 A.2d 920, 923 (Me.1996).

## III. DISCUSSION

■■■■ [¶ 8] When faced with questions regarding the applicability of a statutory change, the court must first determine what body of law applies to the determination of the controlling statute. If the complaint is filed before the enactment of the statutory change, the general savings provision found in title 1, section 302 applies. 1 M.R.S.A. § 302 ("The repeal or amendment of an Act or ordinance does not affect ... any action or proceeding pending at the time of the repeal or amendment."). If the complaint is filed after the statutory change is enacted, section 302 by its own terms does not apply.

[¶ 9] Heber filed his complaint on July 1, 1999, several months after the enactment of the 1999 Act on April 2, 1999. Although the repeal was not effective until September 18, 1999 (after Heber filed his complaint), we have held that for purposes of section 302, the enactment date, rather than the effective date, controls. *See Fishermens Landing, Inc. v. Town of Bar Harbor*, 522 A.2d 1312, 1313 (Me.1987). Because the repeal was enacted before Heber filed his complaint, Heber's action was not "pending at the time of the repeal," and section 302 does not apply.

■■■■ [¶ 10] The fact that section 302 does not apply to "save" the complaint does not, however, end the analysis. When a complaint is filed after a change in the law, but states a cause of action that accrued before the change, we look to common law principles to determine whether the new or old law applies. At common law, an individual has a vested right in an accrued cause of action, and a subsequent statutory enactment cannot act to defeat retroactively such a cause of action. *See Dobson v. Quinn Freight Lines, Inc.*, 415

---

1. In the absence of the 1961 Act, 14 M.R.S.A. § 8104–A(2) provides the Village with immu-

nity from tort liability related to the dam.

A.2d 814, 815–16 (Me.1980). An individual does not have a vested right in a particular procedure, however, and a statutory enactment affecting procedure rather than substance will govern previously accrued causes of action that have not yet been filed.[2]

[¶ 11] The substantive-procedural distinction is rooted in the notion that applying a change in the *procedure* governing a claim that has accrued but has *not yet been filed* does not in fact constitute retroactive application of the change. *See Michaud v. Northern Me. Med. Ctr.*, 436 A.2d 398, 400 (Me.1981) ("To apply the new statute to only the procedure to be followed in future litigation on even preexisting claims is not seen as a retrospective application."). On the other hand, applying a substantive change to a pre-existing or inchoate claim *does* retroactively change the nature of a party's vested rights that had accrued pursuant to the prior version of the statute.[3]

[¶ 12] Here, there can be no question that the repeal of the 1961 Act had the effect of entirely eliminating a cause of action that existed at the time Heber suffered the damages he now alleges,[4] thus affecting Heber's vested rights in that cause of action. Taking the facts alleged in Heber's complaint as true, Heber suffered damages to his property during the summer of 1998. Because his cause of action accrued in 1998, prior to any change

in the law, it is governed by the then applicable 1961 Act. Accordingly, the 1999 Act cannot be applied to extinguish Heber's claim, and the court erred in holding that it did.[5]

[¶ 13] The Village next contends that, even if the 1999 Act did not extinguish Heber's claim, the Maine Tort Claims Act (MTCA) precludes any recovery. *See* 14 M.R.S.A. § 8101–8118 (1980 & Supp.1999). Specifically, the Village argues that the MTCA preempts the 1961 Act and shields the Village from liability. In the alternative, the Village argues that Heber cannot proceed because he failed to follow the MTCA's notice requirements. *See* 14 M.R.S.A. § 8107. These arguments are not persuasive.

[¶ 14] Although section 8104–A(2) provides that governmental entities are "not liable for any claim which results from: (A) the construction, ownership, maintenance or use of . . . (4) Dams," 14 M.R.S.A. § 8104–A(2)(A)(4), the MTCA expressly limits municipal immunity by allowing statutory exceptions, *see* 14 M.R.S.A. § 8103. Section 8103 provides that *"[e]xcept as otherwise expressly provided by statute*, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." *Id.* (emphasis added). The 1961 Act satisfies the section 8103 exception. The language of the 1961 Act expressly provides that the Village

---

**2.** *See, e.g., Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 628 (Me.1994) (distinguishing the situations in which section 302 applies and the situations in which the common law presumption applies); *Michaud v. Northern Me. Med. Ctr.*, 436 A.2d 398, 399–401 (Me.1981) (holding although cause of action accrued before change in Health Security Act took effect, procedural change applied to claim filed *after* the change).

**3.** *Cf. Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d at 816 (noting that because no party has a vested right in the running of a statute of limitations until the prescribed time has completely run and barred the action, amendment to statute of limitations could be applied to cause of action accruing before change because change would not affect substantive

right of defendant where period had not yet run; if the prior period had already operated to extinguish the cause of action, resuscitating the cause of action *would* affect substantive right of a defendant, therefore amendment would *not* govern).

**4.** "[A] cause of action accrues at the time of the judicially recognized injury." *Choroszy v. Tso*, 647 A.2d 803, 807 (Me.1994). "Substantive rights of the parties are fixed at the date upon which the cause of action accrued." *Batchelder v. Tweedie*, 294 A.2d 443, 444 (Me. 1972).

**5.** Any damages occurring after the September 18, 1999, effective date, however, would not be recoverable.

"shall be liable to any injured person in an action for the recovery of damages for the overflowing of lands." P. & S.L.1961, ch. 188.[6]

 [¶ 15] The Village finally contends that *any* claim against the Village must comply with the MTCA's notice requirements and that Heber failed to file a sufficiently specific notice. *See* 14 M.R.S.A. § 8107. Section 8107 requires plaintiffs to provide governmental entities notice of potential claims within 180 days "after any claim or cause of action *permitted by this chapter* accrues." *Id.* (emphasis added).[7] Heber's cause of action was brought pursuant to the 1961 Act, not the Tort Claims Act. The 1961 Act contains no notice requirement. Accordingly, contrary to the Village's argument, Heber was not required to comply with the Tort Claims Act's notice requirements. *See, e.g., Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 297–98 (Me.1988) (holding MTCA's notice provision applicable only to tort claims brought pursuant to the Act).

The entry is:

Judgment vacated. Remanded to the Superior Court for proceedings consistent with this opinion.

---

**6.** The Village also argues that the 1961 Act was "implicitly repealed" by the Tort Claims Act. We "will find a repeal by implication when a later enactment encompasses the entire subject matter of an earlier act, or when a later statute is inconsistent with or repugnant to an earlier statute." *Blair v. State Tax Assessor*, 485 A.2d 957, 959 (Me.1984). Here, the Tort Claims Act does not encompass the entire subject matter of the 1961 Act. Nor is the MTCA inconsistent with or repugnant to the 1961 Act. The provision of general immunity regarding certain activities, accompanied by the establishment of a cause of action in specified circumstances is consistent with the structure of the MTCA. Accordingly, the MTCA does not implicitly repeal the 1961 Act. Consistent with our conclusion is the Legislature's explicit repeal of the 1961 Act in 1999.

The legislative authors of P. & S.L.1999, ch. 3, repealing the 1961 Act, obviously did not understand the MTCA to have previously accomplished that repeal.

**7.** In its original form, section 8107 provided that notice was due "[w]ithin 180 days after a cause of action against a governmental entity accrues." 14 M.R.S.A. § 8107 (1980), *amended by* P.L.1987, ch. 740, § 1 (effective Aug. 4, 1988). Thus, the amendment makes it clear that the notice requirement applies only to claims "permitted" by the MTCA, not those that are established by other law.