STATE OF MAINE
CUMBERLAND, ss.

Fb 8 8 03 AM '02

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-222
REC-CUM-2|14|2002

WILLIAM A. BRANDT, JR.,

      Plaintiff

v.

ORDER ON PLAINTIFF'S
MOTION TO DISMISS
COUNTERCLAIMS AND
MOTION FOR SANCTIONS;
DEFENDANTS' MOTION TO
REMOVE PLAINTIFF AS
ASSIGNEE FOR THE BENEFIT
OF CREDITORS

SIAM COMMERCIAL BANK PUBLIC
COMPANY LIMITED, NEW YORK
AGENCY, et al.,

DONALD L. GARBRECHT
LAW LIBRARY

      Defendants

FEB 14 2002

Plaintiff William Brandt ("Brandt") filed a motion to dismiss the counterclaims asserted by the defendants Siam Commercial Bank and Siam Commercial Bank Public Company Limited, New York Agency (collectively "Siam"); and a motion for sanctions. Siam filed a motion to remove Brandt as the assignee for the benefit of creditors. Upon review of the motions, opposition, and the applicable law, the motion to dismiss will be granted, the motion for sanctions will be denied, and the motion to remove Brandt as the assignee will be denied.

## BACKGROUND

Three related entities, Avian Farms, Inc., Avian Farms (USA), Inc., and Avian Data Communications, Inc. (collectively "Avian") became financially

troubled. In order to resolve the finances of these three entities, Avian proposed to the various creditors a settlement solution whereby the plaintiff would be the assignee and would distribute the assets of the three entities. The creditors were given the option to accept the assignment. After some correspondence with Brandt, Siam accepted the assignment. In the course of evaluating the assets and obligations of Avian, Brandt determined that consolidating and liquidating the assets of the three entities was the best method of satisfying the outstanding obligations.[1] In order to obtain court approval of the consolidation, Brandt filed the present declaratory judgment action and requested a determination that he was permitted to so act.

When filing an answer to Brandt's declaratory judgment action, Siam also asserted two counterclaims - breach of fiduciary duty (Count I) and fraud (Count II). The crux of Siam's argument is twofold: first, that the mere attempt by Brandt to consolidate the assets and debts is a breach of fiduciary duty because it would result in some creditors receiving more at the expense of others; and second, Brandt had induced Siam's acceptance of the assignment by representing that he would attempt to keep the estates separate. In addition, Siam has filed a motion to remove Brandt as the assignee.

Brandt asserts that any breach of fiduciary duty claim is premature because Brandt has not yet consolidated the estates, but rather has only turned to the court to

---

[1] The decision was made, as alleged by Brandt, because the management of Avian did not respect the separateness of the entities, and the finances of the three entities were intermingled.

discover whether he can consolidate the estates. Furthermore, Brandt argues that under the assignment agreement, which was accepted by Siam, Brandt specifically has the right to bring a declaratory judgment action; and in all correspondence Brandt explicitly reserved the right to consolidate the estates. Brandt argues that Siam cannot point to a misrepresentation, or even assuming a misrepresentation, cannot point to a cognizable injury, and therefore the fraud claim must also be dismissed. Asserting that the counterclaims are baseless, Brandt also requests the imposition of sanctions. Finally, Brandt opposes Siam's motion to remove him as assignee.

## DISCUSSION

The motion to dismiss tests the sufficiency of a counterclaim. <u>Heber v. Lucerne-in-Maine Village Corp.</u>, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066. In ruling on a motion to dismiss, the court "examine[s] the complaint in the light most favorable to the [claimant] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [claimant] to relief pursuant to some legal theory." <u>Id</u>. (citations omitted).

I.    Breach of Fiduciary Duty

Under Section B.8 of the assignment agreement (Exhibit A to the plaintiff's Amended Complaint p. 6), Brandt has "the right to petition the state or federal courts of the State of Maine for a declaratory judgment or such other relief as

[Brandt] may deem necessary if, in his opinion, said action is desirable in connection with any dispute or claim arising hereunder." This is a broad grant of discretion to the assignee, which was accepted by Siam. Siam now complains that the present declaratory judgment action is on an inappropriate topic because the assignee cannot consolidate the assigned estates. However, Brandt brought the declaratory action to determine whether he has the authority to consolidate the estates, and thus must have concluded the "action [was] desirable in connection with [a] dispute" arising under the assignment agreement. Accordingly, in the counterclaim for breach of fiduciary duty, Siam has failed to state a claim for which relief can be granted.

II.    Fraud

Brandt would be liable for fraud or deceit if he: (1) made a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it was true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) Siam justifiably relied upon the representation as true and acted upon the false representation to its damage. Francis v. Stinson, 2000 ME 173, ¶ 38, 760 A.2d 209.

Siam relies solely on the correspondence between Siam and Brandt, included in Siam's Answer and Counterclaims as exhibits C - F,[2] to support its contention of a

---

2 "When a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss." Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Co., 267 F.3d 30, 34 (1st Cir. 2001) (citation and quotation omitted). Here, the documents were attached to Siam's

4

misrepresentation. Siam points to Brandt's representations that he was attempting to maintain separate estates, and alleges that in fact Brandt never intended to maintain separate estates. Siam asserts that Brandt intended to consolidate the estates, but represented otherwise to induce Siam's acceptance of the assignment agreement.

In the letters sent by Brandt to Siam, exhibits D and F, Brandt writes, "the Assignee and his representatives are finding assets to have been commingled, possibly to the point that separate attribution may not be possible," and "the Assignee reserves the right to seek substantive consolidation of the estates, should evidence suggest that is appropriate and in the best interest of the creditors of the estates." In context, any "representation" made in these letters that Brandt would try to maintain separate estates was significantly conditional and tentative. In addition, Brandt disclaimed any commitment to separate the estates. Therefore, the existence of a misrepresentation and the existence of any justifiable reliance is in serious doubt.

However, even if the court accepts the existence of a misrepresentation and the existence of justifiable reliance, Siam's counterclaim for fraud is not ripe. Ripeness is determined with a view to the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Lincoln House, inc. v. Dupre, 903 F.2d 845, 847 (1st Cir. 1990) (internal quotations omitted). In

---

counterclaim, and therefore are properly considered by the court in ruling on the motion to dismiss.

5

determining whether a claim is ripe, the court should consider as one of the most important factors, "the extent to which the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all." Id. ("[S]ince the only damages alleged by [the plaintiff] cannot yet be proven, never having been incurred -- and since they may never be incurred -- [the plaintiff] can hardly claim hardship if consideration of them is presently withheld"); see also Jourdain v. Dineen, 527 A.2d 1304, 1307 (Me. 1987) ("pecuniary loss is an essential element of a fraud action"). Siam has not established any resulting damage. Siam alleges in its counterclaim that its potential recovery has been reduced. No distribution of assets has been effected, or even proposed at this time. Therefore, Siam cannot prove, nor can the court determine whether Siam's recovery has been reduced, or whether it will in fact be reduced. Siam has not shown a cognizable injury, at this time.

Under the most liberal interpretation of the circumstances, Siam's fraud claim is premature. Accordingly, Siam has failed to state a claim upon which relief can be granted as to its fraud counterclaim.

III.    Sanctions

Rule 11(a) of the Maine Rules of Civil Procedure provides that "[i]f a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction." Here, the court is

not convinced that the counterclaims were interposed for delay or some other improper purpose. Accordingly, the motion for sanctions will be denied.

## IV. Removal as Assignee

Siam has filed a separate motion to remove Brandt as the assignee for the benefit of creditors, and relies on its argument that Brandt has breached his fiduciary duty by seeking to consolidate the assets of the three Avian estates. Siam also asserts that any attempt to consolidate the estates would necessarily result in a conflict of interest among the creditors and their representatives. As discussed above, the court concludes Brandt has not breached his fiduciary duty by filing the declaratory judgment action. The court is unwilling to hold, as Siam urges, that in any case where creditors have opposing interests a single assignee may not distribute the assets of an estate or multiple commingled estates. The nature of such assignments and extra-bankruptcy settlements require, for efficient resolution, a single representative. Siam accepted the assignment, with full knowledge that Brandt was considering consolidating the estates. If Siam can establish at some point that it was fraudulently induced to accept the assignment and was injured as a result, then it may renew its fraud claim against Brandt. At this time, however, Siam has not put forth evidence or argument sufficient to persuade the court to remove Brandt as assignee.

The entry is

Plaintiff Brandt's motion to dismiss Defendant Siam's counterclaims of breach of fiduciary duty and fraud is GRANTED;

Plaintiff Brandt's motion for sanctions against Defendant Siam is DENIED; and

Defendant Siam's motion to remove Plaintiff Brandt as the assignee for the benefit of creditors is DENIED.


Dated at Portland, Maine this 7th day of February 2002.

Robert E. Crowley
Justice, Superior Court

8

Date Filed __04-27-01__ __Cumberland__ Docket No. __CV-01-222__
County

Action __Declaratory Judgment__

William A. Brandt Jr.

Siam Commercial Bank Public Co. Limited
New York Agency and all other creditors of
Avian Farms Inc. Avian Farms (USA), Inc. and
Avian Data Communications Inc.

Jeffrey Glatzer, Esq
(Pro Hac Vice)(Tokyo)
Jerrol Crouter, Esq.
PO Box 9781

vs.

| Plaintiff's Attorney | Defendant's Attorney       Portland, Me 04101 |
|---|---|
| Michael A. Fagone, Esq. P.O. Box 9729 Portland, Maine 04104-5029 | CURTIS WEBBER, ESQ.  (Bank of Tokyo)and P.O. BOX 190  (John Carey)(Chang Hwa Bank) AUBURN, MAINE  04212-0190 784-4563 |

Def.'s Attys.
Edward Fox, Esq./Joanna Askey, Esq. (Siam)
(Pro hac vice)

John T. Pruitt, Jr. (606)678-8171 (Somerset
Travis, Pruitt, & Lawless, PO Drawer 30
Somerset, Kentucky 42502-0030
P. J. Perrino, Jr. Esq. (R-W Corp.)
PO Box 49
Augusta, ME  04332 622-1918
John Schulte, Esq. (Liberty Mutual)

David Hirshon, Esq. (Siam)
DAVID DUBORD, ESQ. 783-5261 (Copelco)
PO BOX 1081, LEWISTON ME 04243

| Date of Entry | |
|---|---|
| 2001 April 30 | Received 04-27-01 Summary sheet filed. Complaint with Attachments filed. |
| May 1 | Received 04/30/01: Plaintiff's First Amended Summary Sheet with attachment filed. |
| "    " | Plaintiff's First Amended Complaint with Exhibit A filed. |
| May 21 | Received 05-21-01: Defendant, John Carey's Answer filed. |
| June 11 | Received 06-11-01: Defendant Somerset Environmental Services, Inc.'s Answer to First Amended Complaint filed. |
| June 12 | Received 06/12/01: Plaintiff's Ex Parte Motion for Order Authorizing Service by Publication with Exhibits A, B and C filed. |
| "    " | Affidavit of Sheila Dilior filed. |
| "    " | Affidavit of Michael Fagone with Exhibits A and B filed. |
| June 18 | Received 6-18-01: Defendant R-W Corp Answer filed. |
| "    " | Defendant Bank of Tokyo-Mitsubishi, Ltd. and Chang Hwa Commercial Bank, Ltd. Answer to First Amended Complaint filed. |
| June 19 | Received 6-18-01. Order for Service by Publication filed. (Humphrey, J.) It is ordered that the following defendants(see order) appear and defend the cause and serve an answer or response to the plaintiff's first amended complaint upon Robert J. Keach Esq the plaintiff's attorney at CONTINUED ON NEXT PAGE |