STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-154

J.C.H. - rel. ... - 4/16/... ...

DONALD L. GARBRECHT
LAW LIBRARY

MAY 10 2002

Kathleen M. Boylan,
    Plaintiff

v.

Order on Defendant's Motion for
Partial Dismissal

Foster Carpenter Black & Co., LLP,
    Defendant

FILED & ENTERED
SUPERIOR COURT

APR 16 2002

PENOBSCOT COUNTY

Pending before the court is the defendant's Motion for Partial Dismissal of Supplemental and Amended Complaint. In its motion, the defendant seeks to dismiss that part of the plaintiff's complaint that requests the entry of a civil forfeiture against the defendant.

"A motion to dismiss tests the legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). On a motion to dismiss, the complaint must be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal is proper "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Board of Environmental Protection*, 498 A.2d 260, 266 (Me. 1985). *See also Heber v. Lucerne-in Maine Village Co.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

In the first (and unnumbered) count of her amended complaint, the plaintiff alleges that the defendant unlawfully failed to provide her with access to her employment personnel file. On that basis, she seeks imposition of a civil forfeiture and an award of her legal fees. Title 26 M.R.S.A. § 631 provides that when an employer fails to comply

1

with the disclosure obligations created in that statute, that employer is subject to a civil forfeiture of $25 for each day that the failure continues, up to a maximum forfeiture of $500. Section 631 then entitles an employee to seek equitable relief predicated on a violation of the employer's disclosure duty and to obtain reimbursement for legal fees incurred in that action.[1]

Here, the defendant argues that section 631 does not create a private cause of action by which an employee may seek the civil forfeiture otherwise available under that provision. In the motion at bar, the defendant does not challenge the sufficiency of the complaint to state a claim for attorney's fees.

The existence of a private cause of action is a function of legislative intent. *Larabaee v. Penobscot Frozen Foods*, 486 A.2d 97, 101 (Me. 1984). An express enactment of a private right of action is the "more likely" expression of the Legislature's intent. *Id.* The other manner in which the Legislature might express its intention to create a private right of action is through the legislative history underlying such a penalty. *Id. See also In re: Wage Payment Litigation*, 2000 ME 162, ¶ 7, 759 A.2d 217, 222.

In *Larabee* and *In re: Wage Payment Litigation*, the Law Court concluded that similarly framed statutes that also govern employees' rights against employers did not allow those private litigants to obtain civil forfeitures against those employers. The analysis supporting those conclusions applies here as well. Section 631 does not expressly establish a private right of action to enforce a civil forfeiture; such a cause of action need not be implied in order to accomplish the Legislature's purposes, because the statute also expressly authorizes the employee to obtain injunctive relief (presumably, a court order requiring the employer to comply with the provisions of section 631) and attorney's fees; the Maine Department of Labor is authorized to bring suit under section 631 and, under 17-A M.R.S.A. § 4-B is the party authorized to seek a civil forfeiture; and the construction of section 631 urged here by the defendant is harmonious with the Law Court's constructions of other related statutes, *see Larabee* and *In re: Wage Payment Litigation*.

---

[1] The relief requested in the plaintiff's amended complaint does not include injunctive relief.

Therefore, the entry will be:

For the foregoing reasons, the defendant's Motion for Partial Dismissal of Supplemental and Amended Complaint is granted. That part of the first count of the amended complaint seeking imposition of a civil forfeiture is dismissed.

Dated: April 15, 2002

_____
Justice, Maine Superior Court

3