STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-03-12
JLH - PEN - 311/2003



DONALD L. GARRECHT
LAW LIBRARY

MAR 14 2003

Stewart Title of Northern New England,
    Plaintiff

v.

Order (Motion to Dismiss)

FILED & ENTERED
SUPERIOR COURT

MAR 11 2003

PENOBSCOT COUNTY

Elaine J. Pike,
    Defendant

Pending before the court is the defendant's motion to dismiss all counts of the complaint, based on arguments that the plaintiff has not alleged grounds upon which relief could be granted. *See* M.R.Civ.P. 12(b)(6). The court has read and considered the parties' written submissions associated with the motion at bar.[1]

"A motion to dismiss tests the legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). On a motion to dismiss, the complaint must be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal is proper "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Board of Environmental Protection*, 498 A.2d 260, 266 (Me. 1985). *See also Heber v. Lucerne-in Maine Village Co.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066. Because a motion to dismiss tests the sufficiency of the allegations in the complaint, the court disregards and does not consider other submissions that the parties have filed, particularly those materials (including affidavits) that they have submitted in conjunction with a pending motion for attachment and trustee process. Consequently, the court also cannot consider those portions of the defendant's opposition

---

[1] One of the bases for the plaintiff's objection to the motion to dismiss was its contention that the motion was not filed in a timely way. Counsel have conferred regarding the date of service (which was not noted legibly on the return), and as a result, the plaintiff has withdrawn that part of its opposition.

1

to the motion to dismiss that are predicated on that material that is extraneous to this motion.

In this action, the plaintiff claims that the defendant wrongfully obtained or retained part of the proceeds (roughly $42,000) generated by the sale of her residence. It alleges that the proceeds at issue should have been used to satisfy several liens that encumbered the property, that that part of the proceeds was mistakenly included in the net proceeds to which the defendant in fact was entitled, that the defendant took that money to which she was not entitled and that she has refused to return that money to the plaintiff. The plaintiff has framed its request for relief in three counts: conversion (count 1), unjust enrichment (count 2) and intentional misrepresentation or fraudulent concealment (count 3).

Contrary to the defendant's arguments, the allegations supporting each of these three counts are sufficient to state claims upon which relief can be granted. Much of the defendant's arguments rests on the factual support for those allegations as revealed by the affidavits that the parties have filed as part of the motion for attachment and trustee process. When those arguments are stripped from the defendant's presentation and the bare allegations in the complaint are considered in light of the deferential standard of review applicable to a motion to dismiss, the court is satisfied that those allegations are sufficient to withstand the instant challenge.

The defendant makes a secondary argument that the plaintiff has failed to allege the circumstances of a claim for fraud "with particularity." *See* M.R.Civ.P. 9(b). The allegations in the complaint adequately set out the particular factual predicate for the plaintiff's argument that the defendant's conduct was fraudulent. *See, e.g.*, Complaint at ¶¶ 7, 21, 22, 24.


The entry shall be:

For the foregoing reasons, the defendant's motion to dismiss is denied.


Dated: March 11, 2003

Jeffrey M. Hjelm
Justice, Maine Superior Court

2

STEWART TITLE OF NORTHERN NEW ENGLAND INC - PLAINTIFF
ONE MERCHANTS PLAZA
BANGOR ME 04401
Attorney for: STEWART TITLE OF NORTHERN NEW ENGLAND
INCMI MINA
HURLEY & MINA
12 CITY CENTER
PORTLAND ME 04101

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00012

**DOCKET RECORD**

vs
ELAINE J PIKE   - DEFENDANT
P O BOX 75
SURRY ME 04684
Attorney for: ELAINE J PIKE
GEORGE KURR
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

Attorney for: ELAINE J PIKE
JAMES NIXON
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

Filing Document: COMPLAINT                     Minor Case Type: OTHER CIVIL
Filing Date: 01/17/2003

## Docket Events:

01/17/2003 FILING DOCUMENT - COMPLAINT FILED ON 01/17/2003
           (ATTACHMENT ATTACHED)

01/17/2003 Party(s):  STEWART TITLE OF NORTHERN NEW ENGLAND INC
           ATTORNEY - RETAINED ENTERED ON 01/17/2003
           Plaintiff's Attorney: THIMI MINA

01/17/2003 Party(s):  STEWART TITLE OF NORTHERN NEW ENGLAND INC
           MOTION - EX PARTE ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 01/17/2003
           EX PARTE MOTION FOR WRIT OF ATTACHMENT AND ATTACHMENT OF TRUSTEE PROCESS, WITH
           INCORPORATED MEMORANDUM OF LAW, AFFIDAVIT OF NANCY MAHEU (EXHIBIT 1, 2, & 3 ATTACHED), AND
           AFFIDAVIT OF THIMI R. MINA, ESQ., WITH PROPOSED ORDER.

01/17/2003 Party(s):  STEWART TITLE OF NORTHERN NEW ENGLAND INC
           OTHER FILING - REQUEST FOR HEARING FILED ON 01/17/2003
           REQUEST FOR EXPEDITED HEARING, NON-TESTIMONIAL, GOOD FAITH ESTIMATE OF 1/4 HOUR.

01/17/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 01/17/2003
           TO PLAINTIFF'S ATTORNEY.

01/21/2003 Party(s):  STEWART TITLE OF NORTHERN NEW ENGLAND INC
           MOTION - EX PARTE ATTACH/TRUSTEE PROC DENIED ON 01/21/2003
           JEFFREY L HJELM , JUSTICE

Printed on: 03/11/2003