STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

FEB 17 2004

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-03-186
*EAG-ANL*

LISA VENDRASCO-AERE
and
DELIO AERE,
      Plaintiffs

v.

TAMBRANDS, INC.,
      Defendant

ORDER

DONALD L. *....*
LA...

APR 13 2004

## PROCEDURAL HISTORY AND BACKGROUND

Lisa Vendrasco-Aere claims that, on October 6, 1997, immediately after inserting a Super Plus Tampax tampon into her vagina, she experienced pain, and then discovered a shard of glass embedded in the tampon. Ms. Vendrasco-Aere claims that, as a result of this incident, she has suffered physical and emotional pain and suffering, lack of enjoyment of life, and that these effects have negatively affected every aspect of her life. On October 6, 1997, and at all pertinent times, Ms. Vendrasco-Aere was a Canadian citizen, residing in Canada. The tampon she used on October 6, 1997 was purchased in Canada.

On October 3, 2003, Ms. Vendrasco-Aere and her husband, Delio Aere, initiated a lawsuit against Tambrands, Inc., in the Androscoggin County Superior Court. Count I of that complaint asserted a claim of strict liability pursuant to 14 M.R.S.A. § 221. With its Answer, Tambrands filed a motion to dismiss that count, based upon its argument that this action is governed by the law of Canada, which does not recognize strict liability as a cause of action.

Plaintiff objected to that motion, and defendant filed a timely reply to that objection. Based upon the submissions of the parties, after review of the law, following oral argument, and for the reasons stated below, the defendant's motion is granted.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) asserts that a complaint fails "to state a claim upon which relief can be granted." In filing such a motion, the moving party accepts as true the facts as alleged in the complaint and the reasonable inferences that can be drawn from those facts, and construes those facts and inferences most favorably to the plaintiff. *Heber v. Lucerne-in-Maine Village Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066. The motion filed by the defendant properly does not challenge the accuracy of the plaintiffs' complaint; rather, it has argued that the claim asserted is governed by Canadian law and that, therefore, the allegations are insufficient to entitle plaintiff to relief as a matter of that law.

Over twenty years ago, the Law Court expressly adopted the "most significant contacts and relationships" test to determine which law to apply to a claim involving multiple jurisdictions. *Adams v. Buffalo Forge*, 443 A.2d 932, 943 (Me. 1982). That test is enunciated in the RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 145 and 146. Section 146 states:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in §6 to the occurrence and the parties, in which event the local law of the other state will be applied.

§ 6 states:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
  (a) the needs of the interstate and international systems,
  (b) the relevant policies of the forum,
  (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
  (d) the protection of justified expectations,
  (e) the basic policies underlying the particular field of law,
  (f) certainty, predictability, and uniformity of result, and
  (g) ease in the determination and application of the law to be applied.

After considering the factual scenario presented by the *Buffalo Forge* case in light of §§ 145 and 146, and the factors listed in § 6, the Law Court held that Maine had jurisdiction in that case. In its decision, it stated that: "Though not dispositive of the issue, it is not denied that the injury here did, in fact, occur in Maine." *Id.* at 934.

This is a product liability action against Tambrands, Inc., a corporation based in Delaware that was acquired by Ohio-based Proctor & Gamble Company in 1997. As noted above, the allegedly defective tampon was purchased in Canada, the alleged injury occurred in Canada, and the plaintiffs and their witnesses are all Canadian. Their only connection to Maine is that the tampon at issue in this case was manufactured in Auburn. Giving that fact more weight than the locus of the alleged event would be directly contrary to law. The Law Court specifically included product liability cases within the "more flexible approach of the Restatement §§ 145 & 146." *Buffalo Forge, Id.* at 934.

Based upon the circumstances presented by this case, the court cannot find that Maine has a more significant relationship than Canada to the occurrence or the parties. Plaintiffs have conceded that Canada does not recognize strict liability as a cause of action. Therefore, Count I of their complaint must be dismissed.

ORDER

For the reasons stated above, defendant's motion to dismiss Count I of plaintiffs' complaint is granted.

The clerk is directed to incorporate this order by reference in the docket for this case.

Dated: *17 February 2004*

_____
(Ellen A. Gorman
Superior Court Justice

Jon Oxman, Esq. and Patricia E. Weidler, Esq
For the Plaintiffs

Christopher Taintor, Esq.
for the Defendant

4