STATE OF MAINE                    SUPERIOR COURT
PENOBSCOT, SS.                    CIVIL ACTION
                                 Docket No. RE-06-43

DONALD L. GARBRECHT
LAW LIBRARY

DEC 0 8 2006

Deanna Lizotte,
      Plaintiff

v.                                           Order

FILED & ENTERED
SUPERIOR COURT

OCT 19 2006

PENOBSCOT COUNTY

Michelle M. Pierce et al.,
      Defendants


      Pending before the court are several motions filed by the defendants and a
discovery-related issue raised by defendants Town and Country Realtors, Kathy Hardy,
Russ Lambert and Earl Black. Hearing on these pending matters was held on October 16,
2006. The plaintiff and counsel of record for all defendants were present.

      Defendants Town and Country Realtors, Hardy, Lambert and Black have moved
to dismiss the complaint against them because they contend, among other things, that
they have not been properly served. The court file reveals, and the plaintiff confirmed at
the hearing, that she purported to serve those defendants by certified mail. Certified mail
is not a proper method of service in the circumstances of this case. *See* M.R.Civ.P. 4.
Because the plaintiff has not served those defendants properly and filed a sufficient return
of service within 90 days of the date she commenced this action, the complaint against
those defendants must be dismissed. Because those claims are no longer pending, the
court does not reach those defendants' other argument that the complaint fails to state a
claim for relief against them. The court also does not reach the discovery issues raised in
counsel's letter dated October 11, 2006.

      Defendant Michelle M. Pierce has moved for a more definite statement of the
plaintiff's claim against her. The complaint clearly states a claim that Pierce breached a
contract to which the plaintiff was a party. It is unclear if the plaintiff is asserting any
other causes of action against Pierce. Therefore, no later than October 30, 2006, the
plaintiff may file a statement (with a copy sent to Pierce's attorney) stating with

1

particularity any claims or causes of action she seeks to pursue against Pierce, other than the claim for breach of contract. If the plaintiff does not file any such statement in accordance with this order, then this case shall proceed as one for breach of contract only.

Pierce's motion for imposition of security is denied.

The court declines to refer this matter to a judicial assisted settlement conference at this early stage of the proceedings.

The entry shall be:

Defendants Town and Country Realtors, Hardy, Lambert and Black's motion to dismiss the complaint for insufficiency of service is granted. The complaint is dismissed without prejudice as to those defendants.

Defendant Pierce's motion for more definite statement is granted. The plaintiff may file a more definite statement of the claims against Pierce in accordance with this order.

Defendant Pierce's motion for imposition of security is denied.

Dated: October 18, 2006

Justice, Maine Superior Court
Jeffrey L. Hjelm

2

DEANNA LIZOTTE VS MECHELLE M PIERCE ET AL
UTN:AOCSsr  -2006-0075424                    CASE #:BANSC-RE-2006-00043
----------------------------------------------------------------------------
DEANNA LIZOTTE                                          PL

MAIL ADDR:1330 PUSHAW ROAD GLENBURN ME 04401

MECHELLE  M. PIERCE                                     DEF
ATTY CUDDY, KEVIN  Tel# (207) 942-2898
ATTY ADDR:470 EVERGREEN WOODS BANGOR ME 04401

TOWN AND COUNTRY REALTORS DISMISSED                     DEF
ATTY LUCY, JOHN B.   Tel# (207) 945-5900
ATTY ADDR:ONE MERCHANTS PLAZA, SUITE 603 PO BOX 2429 BANGOR ME 04402-2429


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.

STATE OF MAINE                    SUPERIOR COURT
PENOBSCOT, SS.                    CIVIL ACTION
                                 Docket No. RE-06-43
                                 JLH —PEN— 12/18/2006

Deanna Lizotte,
        Plaintiff

        v.                       Order (Motion to Dismiss)

FILED & ENTERED
SUPERIOR COURT
DEC 18 2006
PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

JAN 16 2007

Mechelle M. Pierce,
        Defendant

        Pursuant to the order dated October 18, 2006, the plaintiff has filed a more

definite statement that clarifies the causes of action she seeks to pursue against the

defendant. The defendant has now moved to dismiss several of those claims on the basis

that they fail to state a claim on which relief can be granted. *See* M.R.Civ.P. 12(b)(6).

The court has reviewed the parties' submissions on the motion.

        "A motion to dismiss tests the legal sufficiency of the complaint." *McAfee v.

Cole*, 637 A.2d 463, 465 (Me. 1994). On a motion to dismiss, the court takes the

allegations to be true. *In re Wage Payment Litigation*, 2000 ME 162, ¶ 3, 752 A.2d 217,

220. From this starting point, the complaint then is examined "in the light most favorable

to the plaintiff to determine whether it sets forth elements of a cause of action or alleges

facts that would entitle the plaintiff to relief pursuant to some legal theory." *McAfee*, 637

A.2d at 465. A dismissal is proper "only when it appears beyond doubt that a plaintiff is

entitled to no relief under any set of facts that he might prove in support of his claim."

*Hall v. Board of Environmental Protection*, 498 A.2d 260, 266 (Me. 1985). *See also

Heber v. Lucerne-in Maine Village Co.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066. In

other words, in evaluating the defendant's motion, the court makes no judgment about the

merits of the plaintiff's claims, or about whether the plaintiff's claims will or will not be

successful, or even whether or not there exists evidence to support those claims. Rather,

the court looks only at the allegations contained within the four corners of the complaint

1

in order to determine whether, on an abstract and theoretical basis, the allegations describe a legal claim.

The court's references to particular counts of the complaint are based on the 9 numbered claims that the plaintiff has articulated in her "Answers to More Definite Statement" filed in response to the court's order dated October 18, 2006.

The defendant moves to dismiss count 2, which the plaintiff has described a claim for negligent failure to comply with the terms of the contract. This claim improperly intermingles tort and contract theories of liability. The claim is ultimately rooted as one for breach of contract, and the court therefore dismisses count 2 because the contract claim is already asserted in count 1 of the complaint.

When count 3 is read against the backdrop of the allegations in the original complaint, the plaintiff appears to allege that the defendant's breach of the contract put her (the plaintiff) in a position where she had to withdraw from a contract to sell her existing house. The court views this as an allegation of one form of damages that the plaintiff alleges arose from the defendant's alleged breach. Although it does not state a separate cause of action, it identifies contract-based damages and will be allowed to stand.

Damages for emotional distress are not recoverable for breach of the type of contract at issue in this case. *See Rubin v. Matthews International Corp.*, 503 A.2d 694, 698 (Me. 1986). Accordingly, counts 4 and 7 must be dismissed.

In count 5, the plaintiff alleges that her eyesight has deteriorated subsequent to the events surrounding the alleged breach of contract. Although the plaintiff has not alleged expressly that the defendant's alleged conduct was a legal cause of her loss of vision, the allegations are sufficient to carry such a contention. The defendant's motion to dismiss count 5 is therefore denied.

In count 6, the plaintiff alleges that the defendant engaged in fraudulent conduct. That characterization of the more specific allegations set out in the complaint, when the two filings are viewed together, is sufficient to withstand the defendant's motion.

In count 8, the plaintiff alleges that she purchased materials that she had to return to the store. The defendant acknowledges that this is a sufficient allegation of damages. The context of this count is sufficient to state a claim that the plaintiff sustained those

damages because the defendant failed to perform under the contract for the sale of the house to the plaintiff.

Finally, in count 9, the plaintiff states that she seeks her costs and legal fees. A claim for costs and "legal fees," if that means expenses incurred in a lawsuit, are a standard component of damages alleged in a complaint, and it is proper here. Legal fees, taking the form of attorney's fees, may be available in a claim for breach of contract if there is a provision in the contract for that form of relief. The contract involved in this case, which the court can consider because it is incorporated and thereby merged into the complaint, *see Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43, 47, allows recovery of attorney's fees in some circumstances. The pleadings do not preclude that possibility here, and so the claim is proper. Although the plaintiff is self-represented at this time, she may claim attorney's fees in the event an attorney enters an appearance for her at some later time while this case is pending.

The entry shall be:

For the foregoing reasons, the defendant's motion to dismiss is granted in part and denied in part. Counts 2, 4 and 7 of the complaint, as clarified by the "Answers to More Definite Statement," are dismissed for failure to state a claim on which relief can be granted. Beyond this, the motion to dismiss is denied.

Dated: December 15, 2006

_____
Justice, Maine Superior Court

3

DEANNA LIZOTTE VS MECHELLE M PIERCE ET AL
UTN:AOCSsr  -2006-0075424                    CASE #:BANSC-RE-2006-00043
--------------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE      DATE
01 0000000334 ATTORNEY:CUDDY, KEVIN
ADDR:470 EVERGREEN WOODS BANGOR ME 04401
     F FOR:MECHELLE M PIERCE                  DEF        RTND  09/21/2006


02 0000007084 ATTORNEY:LUCY, JOHN B
ADDR:ONE MERCHANTS PLAZA, SUITE 603 PO BOX 2429 BANGOR ME 04402-2429
     F FOR:TOWN AND COUNTRY REALTORS DISMISSED    DEF    RTND  08/04/2006
     F FOR:KATHY HARDY DISMISSED               DEF        RTND  08/04/2006
     F FOR:RUSS LAMBERT DISMISSED              DEF        RTND  08/04/2006
          *Carl Black  Dismissed*

*Plt. Deanna Lizotte, Pro Se*

                    *More Attorneys*
         Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:M

Select the EXIT KEY for page selection line.