STATE OF MAINE                    BUSINESS AND CONSUMER COURT

Cumberland, ss.


GREGORY M. ALDUS

Plaintiff

v.                                                    Docket No. BCD-CV-16-18 ✓

PRINCETON PROPERTIES MANAGEMENT, INC.

Defendant

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Defendant Princeton Properties Management, Inc. ["Princeton"] has filed a Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint for failure to state a claim. Plaintiff Gregory M. Aldus opposes the Motion to Dismiss. The court elects to decide the Motion without oral argument, see M.R. Civ. P. 7(b)(7).

As Plaintiff's opposition points out, a motion to dismiss under M.R. Civ. P. 12(b)(6) requires the court to decide whether the pleading to which the motion is directed states a cognizable claim for relief, viewing the allegations in a light favorable to the non-moving party. *See Town of Eddington v. University of Maine Foundation,* 2007 ME 74, ¶5, 926 A.2d 183, 184; *Heber v. Lucerne-in-Me. Vill. Corp.*, 2000 ME 137, ¶7, 755 A.2d 1064, 1066.

Plaintiff Aldus is asserting a claim under the Maine Whistleblowers' Protection Act, 26 M.R.S. § 831 *et seq.* ("the WPA"). The essential elements of a WPA claim are that (1) the employee engaged in a protected activity under the WPA; (2) the employee experienced an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Brady v. Cumberland County*, 2015 ME 143, ¶ 11-14, 126 A.3d 1145. Among other activities, the WPA extends protection to an employee who "acting in

1

good faith . . . reports orally or in writing to the employer . . . what the employee has reasonable cause to believe is a violation of a law . . ." 26 M.R.S. § 833(A).

Thus, the question raised by Defendant's Motion to Dismiss is whether the Complaint alleges facts that, viewed in a light favorable to Plaintiff, could, if proved, be sufficient to establish the elements of a WPA claim. In the court's view the allegations of the Complaint are amply sufficient to state a cognizable WPA claim. Plaintiff alleges that he was an employee of Princeton, that he told Princeton that its payment practices violated the labor laws, and that he was dismissed "because he had accused Princeton of violating the labor laws in relation to his pay, and because he had threatened to bring the matter to the attention of Princeton's home office in Massachusetts." Complaint ¶ 21.

Defendant's Motion to Dismiss relies heavily on its interpretation of the underlying facts rather than on whether the allegations of the Complaint are sufficient. Princeton contends that Plaintiff Aldus did not in fact report any violation of law, but only asked to be paid for eight hours he supposedly had worked on a weekend. Princeton also challenges the causal link between any report and Plaintiff's termination, saying he was terminated because of poor job performance. Defendant's view of the facts may or may not prevail, but it is not relevant to the Motion to Dismiss. Because the Complaint does make allegations that, if proved, could be deemed sufficient to establish a WPA claim, the Motion to Dismiss must be denied.

It is hereby ORDERED: The Motion to Dismiss of Defendant Princeton Properties Management, Inc. is hereby denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated July 7, 2016

_____
A.M. Horton, Justice