STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.

STATE OF MAINE
Cumberland, ss. Clerk's Office

JAN 26 2017

RECEIVED

MARY JANE REID

                              Plaintiff

             v.                                   Docket No. PORSC-CV-17-0018

VERMONT MUTUAL INSURANCE COMPANY

                              Defendant

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Pursuant to M.R. Civ. P. 3 and 12(b)(6), Defendant Vermont Mutual Insurance Company has filed a Motion to Dismiss the complaint, and Plaintiff Mary Jane Reid has filed an opposition. Although the Defendant has requested oral argument, the court elects to decide the motion without oral argument because the appropriate resolution of the primary legal issue—whether this case should be decided on the basis of a Rule 12(b) motion—is clear. *See* M.R. Civ. P. 7(b)(7).

The motion rests on two grounds.

The first is that Plaintiff failed to file the complaint within 20 days of service as required by M.R. Civ. P. 3. The complaint in this case was filed two weeks after the 20-day deadline. Without minimizing the importance of compliance with the time periods prescribed by the civil rules, the court does not believe dismissal is the appropriate sanction for the two-week delay, and will not grant the Motion to Dismiss on this ground.

The second ground for the Defendant's Motion to Dismiss arises under M.R. Civ. P. 12(b)(6)—namely, that the complaint fails to state a valid claim in light of the two-year limitations period contained in the insurance policy on which the Plaintiff's claim rests.

1

The standard of review applicable to a Rule 12(b)(6) motion is whether the pleading to which the motion is directed, viewed in a light most favorable to the non-moving party, states a valid claim. *See Town of Eddington v. University of Maine Foundation,* 2007 ME 74,, §5, 926 A.2d 183, 184; *Heber v. Lucerne–in–Me. Vill. Corp.,* 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

The following facts are taken from the complaint and from the insurance policy filed with the Defendant's motion.

Plaintiff and her late husband were the named insureds in a property and casualty policy issued by Defendant covering real and personal property at their residence in Porter, Maine. Plaintiff's husband died in April 2011. The insured property was heavily vandalized in August 2011. Plaintiff submitted claims for damage to the home and also for damage to or loss of personal property. During 2012 and thereafter, Plaintiff submitted multiple property inventories pursuant to requests by the Defendant, and the Defendant rejected them all.

The insurance policy contains a provision requiring an action on the policy to be brought within two years of the date of loss, but the Defendant continued to work with Plaintiff on the personal property claim well after the two-year period had expired, including at a site visit in July 2014. The complaint asserts that "Defendant is [e]stopped from asserting a statute of limitations defense because Plaintiff reasonably relied on and was prejudiced [by] Defendant's conduct." Complaint ¶ 14.

Defendant's limitations defense is based, not on any statute, but on a provision in the insurance contract requiring any action on the policy to be filed within two years of the date of loss, as required by the policy. Because it is central to the Plaintiff's claim and referred to in the complaint, the insurance policy is the kind of material outside the pleadings that the

2

court may consider in the context of a Rule 12(b)(6) motion without converting the motion into a summary judgment motion. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43 (in deciding motion to dismiss, court may consider documents central to plaintiff's claim, documents referred to in the complaint, or official public documents without converting the motion into one for summary judgment).

However, even considering the policy, the complaint plainly asserts facts that, viewed in a light favorable to the Plaintiff, could be deemed sufficient to estop the Defendant from invoking the two-year limitations provision for some or all of the period between August 2013, when the two-year period for actions expired, and January 10, 2017, when this action was commenced.[1] This means that the limitations defense that Defendant is raising will not be resolved on a Rule 12(b)(6) motion and will need to be addressed through the full summary judgment process after opportunity for discovery.

IT IS HEREBY ORDERED AS FOLLOWS: Defendant's Motion to Dismiss is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated January 25, 2017

A. M. Horton, Justice

---

[1] Equitable estoppel "[i]nvolves misrepresentations, including misleading statements, conduct, or silence, that induce detrimental reliance." *Cottle Enters. v. Town of Farmington*, 1997 ME 78, n. 6, 693 A.2d 330. The party asserting estoppel must show that it relied upon the misleading statement, action, or inaction; that the reliance was reasonable; and that the reliance caused the party to act to its own detriment. *Roberts v. Maine Bonding & Casualty Co.*, 404 A.2d 238, 241 (Me. 1979). Once shown, "estoppel bars the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue." *Anderson v. Commissioner of Dep't of Human Services*, 489 A.2d 1094, 1099 (Me. 1985).