Gilbert POST

v.

STATE of Maine, DEPARTMENT OF
MARINE RESOURCES and William
J. Brennan, Commissioner.

Supreme Judicial Court of Maine.

Argued March 2, 1992.
Decided March 27, 1992.

Robert J. Levine, Elizabeth Biddle Jennings (orally), Strout, Payson, Pellicani, Hokkenan & Levine, Rockland, for plaintiff.

Michael Carpenter, Atty. Gen., Thomas Harnett (orally), Asst. Atty. Gen., Augusta, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Gilbert Post appeals from a Superior Court (Knox County, *Silsby, J.*) order dismissing his Rule 80C appeal from the Department of Marine Resources' suspension of his lobstering license. The Department revoked his license pursuant to 12 M.R.S.A. § 6402 [1] upon notification that he had been convicted of trap molesting in violation of 12 M.R.S.A. § 6434. Because the appeal was not filed within the statutory limit, we affirm.

The Superior Court found that Post's appeal was filed some three months after the department notified him of the license suspension. The Administrative Procedure Act (APA) requires that an appeal from final agency action be filed within 30 days thereof. 5 M.R.S.A. § 11002(3) (1989). Post does not contest the facts, but the application of the APA. He asserts that his Rule 80C appeal is an appeal from agency inaction, to which a six month limitations period applies. *See* 5 M.R.S.A. § 11002(3).

Despite Post's contentions, the Department's letter of February 22, 1991, notifying him that his license had been

---

1. The statute provides,

    The commissioner shall suspend the lobster and crab fishing license of any license holder convicted in court of violating section 6434 (trap molesting). This suspension shall be for 3 years from the date of conviction.

    12 M.R.S.A. § 6402 (1981).

suspended constitutes final agency action.[2] The letter fully complied with 12 M.R.S.A. § 6352 [3], regulating suspensions pursuant to a conviction, by specifying the conviction upon which the suspension was based, the term and nature of the suspension and the reason that no hearing would be provided. The phrases "*shall* give notice of a suspension and *may* give an opportunity for a hearing" and "shall contain a statement of the conviction, the suspension and *any* opportunity for a hearing" demonstrate that a hearing is not mandatory, but rests with the Commissioner's discretion. In the case of a mandatory suspension and term, *see* 12 M.R.S.A. § 6402, no useful purpose is served by a hearing.

■ Post contends that this notice violated 5 M.R.S.A. § 9052 (1989) which provides, "[w]hen the applicable statute or constitutional law requires that an opportunity for hearing shall be provided, notice shall be given as follows." Since a hearing is not mandated by statute, these APA provisions are not invoked. Moreover, the APA explicitly sanctions automatic license suspensions based on convictions and exempts them from its hearing requirements. 5 M.R.S.A. § 10004 (1989). Post's final contention, that the Department had not taken final agency action until it responded to his final inquiry, in May, 1991, is also unavailing; such communications do not toll the appeal period. *See Cardinali v. Town of Berwick*, 550 A.2d 921, 924 (Me.1988) (where no formal agency review procedures existed, seeking internal review through parliamentary procedures does not toll the appeal period). Moreover, the Commissioner unequivocally denied Post's request for a hearing on March 27, and Post did not file his appeal until over two months later.

Because the procedure appealed from constituted final agency action and Post's appeal was not filed within the 30 day appeal period, the Superior Court was correct in dismissing the appeal. *See Brown v. State Department of Manpower Affairs*, 426 A.2d 880, 887–88 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.

---

2. By statute,
   "Final agency action" means a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency.
   5 M.R.S.A. § 8002(4) (1989).

3. The statute provides,
   The commissioner shall give notice of a suspension and may give an opportunity for a hearing to the holder.
   1. **Time of notice.** The suspension shall be effective on service or receipt of the suspension notice. Notice shall be given within 60 days of the conviction.
   2. **Nature of notice.** The notice must contain a statement of the conviction, the suspension and any opportunity for a hearing, and must be personally served or mailed to the holder at the address provided in the application for the license or certificate. The notice of suspension must be sent by certified mail to the person at the last known address on record at the department. Any suspension imposed *is effective on a specified date not less than 10 days after the mailing of the notification of suspension by the department.*
   3. **Hearing.** A hearing shall be requested in writing within 10 days of receipt of a notice. If it is requested, then it shall be held within 10 days of the request, unless a longer period is mutually agreed to in writing. Notice of the hearing shall be given immediately to the holder.
   12 M.R.S.A. § 6352 (1981 & Supp.1991).