2000 ME 1

**Cheryl A. HEIKKINEN**

v.

**Robert E. COTE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 17, 1999.
Decided Jan. 6, 2000.

Ronald J. Cullenberg, Cullenberg Law Offices, Farmington, for plaintiff.

Brian P. Winchester, Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

PER CURIAM.

[¶ 1] Robert Cote appeals from an order entered in the Superior Court (Franklin County, *Marden, J.*) requiring him to pay child support and make periodic payments toward a support arrearage, finding him in contempt of court for having failed to pay the arrearage under a prior order, and ordering his incarceration pending his compliance with the court's order. On appeal, Cote contends that the court erred when it found that he was able to pay $10,000 toward a child support arrearage in order to purge his contempt.

■ [¶ 2] Cote, having won a lottery, was entitled to receive seventy-three thousand dollars annually. The court found that in a systematic effort to render himself judgment proof, Cote had assigned the proceeds from the lottery in contempt of a prior order of the court, and "laundered" or "secreted" the money with the assistance of his girlfriend and others. The court concluded:

> [Cote] has intentionally dissipated assets, he has carried on a continuing pattern of contempt, and ... he now has

access to assets, notwithstanding [the assets] stand in the name of others.

The record contains ample evidence to support the court's finding that Cote had the ability to pay the amount ordered.

■ [¶ 3] Because this appeal is frivolous and taken with no reasonable likelihood of success, we order Cote or his counsel to pay to Heikkinen treble costs pursuant to M.R. Civ. P. 76(f). On remand, the Superior Court shall order Cote to pay counsel fees to Heikkinen for this appeal.

The entry is:

Judgment affirmed. Treble costs shall be paid by defendant or his counsel to plaintiff, Cheryl Heikkinen. Remanded with instructions to assess counsel fees for this appeal.