2007 ME 74

## TOWN OF EDDINGTON

v.

## UNIVERSITY OF MAINE FOUNDATION.

Supreme Judicial Court of Maine.

Submitted on Briefs: May 2, 2007.

Decided: June 21, 2007.

Joel A. Dearborn, Joel A. Dearborn, Sr., P.A., Brewer, for plaintiff.

Frederick J. Badger Jr., Kathryn K. Rowen, Richardson, Whitman, Large & Badger, P.C., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] The Town of Eddington appeals from a judgment of the Superior Court (Penobscot County, *Mead, J.*) granting the University of Maine Foundation's (UMF) motion for a judgment on the pleadings and dismissing with prejudice the Town's complaint. In support of its motion, UMF argued that the Town's complaint was filed beyond the six-year statute of limitations of 14 M.R.S. § 752 (2006). The Town asserts that because the applicable statute of limitations is twenty years, 30–A M.R.S. § 4402(5) (2006), its claims are not time-barred. Because we conclude that 14 M.R.S. § 752 does not limit the time for bringing this action, we vacate the judgment.

## I. CASE HISTORY

[¶ 2] In January 1998, the Town approved a plan, submitted by UMF, for the construction of a subdivision. The subdivision's approval was subject to several conditions, including a requirement that UMF construct a "sixty-foot wide road" within two years of the approval, and in accordance with the Town's subdivision ordinance.[1] The road construction requirement could be waived upon a showing of extraordinary hardship or other special circumstances.

[¶ 3] In March 2006, the Town filed a complaint against UMF asserting violations of its subdivision ordinances and the State subdivision law because of UMF's failure to construct the road as required. The Town's complaint sought a declaratory judgment, injunctive relief, and imposition of fines of up to $1000 for each violation. Among the authorities to support the action, the complaint cited 30–A M.R.S. § 4406 (2006).

[¶ 4] UMF answered the complaint, denying the essential allegations and asserting affirmative defenses, including statute of limitations, waiver, and estoppel. Subsequently, UMF filed a motion for judgment on the pleadings. In the motion, UMF asserted that it was accepting the facts as pleaded in the complaint. It argued that those facts demonstrated that the complaint was barred by the six-year statute of limitations found in 14 M.R.S. § 752 because the cause of action accrued no later than January 2000, and the complaint was filed in March 2006.[2] The trial court granted UMF's motion and dismissed the complaint. The Town appealed.

## II. LEGAL ANALYSIS

■ [¶ 5] When reviewing on appeal a judgment on the pleadings in favor of the defendant, we accept as true the properly pleaded facts alleged in the complaint, and we construe all reasonable inferences that can be drawn from those facts most favorably to the plaintiff. *See Heber v. Lucerne–in–Me. Vill. Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

[¶ 6] The Town's complaint asserts violations of its ordinance and State subdivision laws by UMF's failure to construct the sixty-foot road as required in the subdivision approval. In addition to seeking a declaratory judgment that the subdivision is operating in violation of law, the complaint requested an injunction against the continuing violations of the ordinance and

1. It is likely that the sixty-foot reference addressed the anticipated right of way, not the driving surface of the roadway. Neither the appendix nor the record contain the local subdivision and road ordinances the Town so frequently mentions throughout its pleadings and brief, and upon which three out of its four claims are based. Similarly, the Town did not provide a copy of the final subdivision plan that allegedly contains the requirement that UMF build a road, and upon which all four claims are based. M.R.App. P. 8(c) states, "[t]he purpose of the appendix is to make available to each justice of the court those documents from the record that are particularly important to the review of the issues on appeal." Although it would have been advisable for the Town to provide copies of the local ordinances and the subdivision plan, because the sole issue before us can be decided on the materials submitted, these infirmities are not fatal to the Town's appeal.

2. Title 14 M.R.S. § 752 (2006) is the default statute of limitations for civil actions, and states:

All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state or of a justice of the peace in this State, and except as otherwise specially provided.

punishment of the violations with consecutive fines of up to $1000 each.

■ [¶ 7] Resolving whether the Town's claims against UMF are time-barred requires determining which statute of limitations applies. The Town argues that a twenty-year statute of limitations applies for complaints seeking to enforce the Town's subdivision ordinance and the State subdivision statute, 30–A M.R.S. §§ 4401–4407 (2006).

[¶ 8] The Town's authority to bring a direct enforcement action is established by 30–A M.R.S. § 4406 of the State subdivision statute, which reads, in part:

§ 4406. **Enforcement; prohibited activities**

The Attorney General, the municipality or the planning board of any municipality may institute proceedings to enjoin a violation of this subchapter.

1. **Sales or other conveyances.** No person may sell, lease, develop, build upon or convey for consideration, or offer or agree to sell, lease, develop, build upon or convey for consideration any land or dwelling unit in a subdivision that has not been approved by the municipal reviewing authority of the municipality where the subdivision is located

. . . .

. . . .

E. Any person who, after receiving approval from the municipal reviewing authority ... constructs or develops the subdivision or transfers any lot in a manner other than depicted on the approved plans or amendments or in violation of any condition imposed by the municipal reviewing authority ...

must be penalized in accordance with section 4452.

[¶ 9] The Town asserts that 30–A M.R.S. § 4402(5) is the statute of limitations that governs this action. Section 4402(5) states, in pertinent part:

§ 4402. **Exceptions**

This subchapter [on subdivisions] does not apply to:

1. **Previously approved subdivisions** . . . .

. . . .

5. **Subdivisions in existence for at least 20 years.** A subdivision in violation of this subchapter that has been in existence for 20 years or more . . . .

[¶ 10] Section 4402(5), within the subdivision statute, establishes the time parameters for bringing enforcement actions to address violations of subdivision ordinances. It is part of the integrated subdivision law.[3] The negative implication of the plain language of section 4402(5) is that a subdivision in violation of the statute, that has been in existence for less than twenty years, is subject to the provisions of the subchapter, including its enforcement provisions.

[¶ 11] If, as UMF argues, a subdivision in violation of the subdivision statute was exempt from an enforcement action after six years pursuant to 14 M.R.S. § 752, it would be meaningless to say that a subdivision in violation of that statute that has been in existence for twenty years is also exempted. The legislative history of section 4402(5) confirms the applicability of its twenty-year statute of limitations to violations of subdivision approvals and subdivision ordinances. The bill that was enacted

---

3. *See generally Gorham Sav. Bank v. Baizley,* 1998 ME 9, ¶ 7, 704 A.2d 398, 401 ("[t]he subdivision statute guides community development and protects and preserves the public's health, safety, and general welfare by ensuring adequate provision for water, drainage, transportation, sewage disposal, and other necessities when land is committed for development.").

as subsection 4402(5) was titled, "An Act to Impose a Statute of Limitations for Violations of Municipal Subdivision Ordinances." L.D. 516 (118th Legis. 1997). The summary accompanying the enactment of section 4402(5) reads: "This bill places a statute of limitations on any action brought to enjoin the sale or other conveyance of land or a dwelling unit in a subdivision in violation of municipal ordinances unless the action is brought within 20 years of the initial violation." L.D. 516, Summary (118th Legis. 1997).

[¶ 12] Accordingly, the Town's complaint was brought within the applicable limitations period.[4]

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

4. Having addressed the question of the applicable statute of limitations, we do not reach the Town's separate claim that the alleged violation of the subdivision plan was a continuing violation of law, and that the statute of limitations in 14 M.R.S. § 752 should not bar prosecution of an action to enjoin and punish the continuing violation.