STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          CIVIL ACTION
                                        DOCKET NO. AP-08-027

WAYNE GARNETT,

Plaintiff/Petitioner,

v.                                      **ORDER**

COMMISSIONER, MAINE
DEPARTMENT OF AGRICULTURE,

Defendant/Respondent.

FILED & ENTERED
SUPERIOR COURT

APR 03 2009

PENOBSCOT COUNTY

The plaintiff/petitioner, Wayne Garnett, has filed a petition for review of final

agency action pursuant to M.R. Civ. P. 80C as well as independent actions against the

defendant/respondent pursuant to M.R. Civ. P. 80C(i). The Commissioner has filed a

motion for judgment on the pleadings pursuant to M.R. Civ. P. 12(c) as to Count III of

Garnett's complaint, equitable estoppel.

## BACKGROUND

Accepting all matters pleaded in the complaint as true, the facts of this case are as

follows. Wayne Garnett owns and operates a large game shooting area pursuant to a

permit issued by the Commissioner of the Maine Department of Agriculture. The permit

is required under 7 M.R.S. § 1342 (2008). The Commissioner may only issue a license to

operate a large game shooting area "to a person who operated a commercial large game

shooting area during the period beginning October 1, 1999 and ending March 15, 2000

and only for large game offered for harvesting within that area during that time period."

7 M.R.S. § 1342. Garnett first applied for his license in 2001, stating in his application

that the type of animals shot between October 1, 1999 and March 15, 2000 included red

1

deer. Garnett later indicated in yearly renewal applications that he also offered elk, fallow deer, sika deer, bison, and domesticated boar.

On January 30, 2007, a livestock specialist with the Department of Agriculture sent a letter to Garnett advising him that if he wished to continue to offer bison for harvest along with other large game other than cervids[1] then he would need to increase his shooting zone acreage to at least 200 acres. On January 22, 2008, the Commissioner notified Garnett that his original 2001 license could not be amended to include bison or boar because he had not offered those species for harvest between October 1, 1999 and March 15, 2000. On February 6, 2008, Garnett faxed a letter to the Commissioner stating that he did offer bison and boar for harvest during the applicable time period. He also submitted three letters from individuals stating that Garnett had indeed offered bison and boar for harvest during the applicable period.

On February 25, 2008, the Commissioner sent a letter to Garnett stating that Garnett could no longer offer boar or bison for harvest or advertise that such were available. The Commissioner did permit Garnett to honor hunts for bison and boar that he had already booked, the last being scheduled for October 12, 2008. The Commissioner stated that all bison and boar were to be removed by October 17, 2008. A subsequent advice letter to the Commissioner from the Attorney General's Office indicated that the Commissioner found the letters submitted by Garnett to be insufficient evidence that bison and boar were offered for harvest between October 1, 1999 and March 15, 2000. The Commissioner again renewed Garnett's license on November 13, 2008; however, the license indicated on its face that such license was "for cervids only."

---

[1] "'Cervid' means a member of the cervidae family and hybrids, including deer, elk, caribou, reindeer and related species, specified by the commissioner by rule with the written concurrence of the Commissioner of Inland Fisheries and Wildlife." 7 M.R.S. § 1333(1)(A) (2008).

## DISCUSSION

### A.  Defendant's Motion for Judgment on the Pleadings

In a motion for judgment on the pleadings, the court accepts all matters pleaded by the nonmoving party as true and construes all reasonable inferences from those facts in favor of the nonmoving party. *See Town of Eddington v. Univ. of Me. Found.*, 2007 ME 74, ¶ 5, 926 A.2d 183, 184. The standard is no different in a case such as the present one where the motion relates to an independent action filed alongside a petition for review of final agency action. Judgment is only warranted if no rational view of the pleading would result in the success of a cause of action.

The Commissioner argues that judgment on Count III, equitable estoppel, is appropriate because "estoppel is 'available only for protection, and cannot be used as a weapon of assault.'" *Waterville Homes, Inc. v. Me. Dep't of Transp.*, 589 A.2d 455, 457 (Me. 1991) (quoting *Dickerson v. Colgrove*, 100 U.S. 578, 580-81 (1880)). *See Buker v. Town of Sweden*, 644 A.2d 1042, 1044 (Me. 1994). Garnett has alleged that prior to the action of the Commissioner that he was licensed to offer bison and boar for harvest. He now attempts to use equitable estoppel as a shield to prevent his license from being restricted. This case differs from *Waterville Homes* and *Buker* because Garnett seeks to protect a right that the Commissioner had already allegedly given him (*i.e.*, permission to offer bison and boar) rather than seeking to acquire a new right. *See Buker v. Town of Sweden*, 644 A.2d at 1043 (plaintiff sought conditional use permit); *Waterville Homes*, 589 A.2d at 457 (plaintiffs sought to enjoin Department of Transportation from changing site of proposed highway interchange).

3

Furthermore, equitable estoppel is a cause of action truly independent of Garnett's petition for review of final agency action. A cause of action is only independent to the petition if the petition would not provide an adequate remedy. *Colby v. York County Comm'rs*, 442 A.2d 544, 547 (Me. 1982); *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981). The Commissioner could not consider Garnett's equitable estoppel claim because he has not been granted equitable powers by statute; therefore, this remedy is unavailable by mere review and is independent. *Berry v. Bd. of Trs., Me. State Ret. Sys.*, 663 A.2d 14, 19 (Me. 1995). *See* Donald G. Alexander et al., *The Maine Rules of Civil Procedure with Advisory Committee Notes and Practice Commentary* 528 (MSBA 2008) (characterizing equitable estoppel as an independent claim). Accepting all matters pleaded as true, Garnett's claim of equitable estoppel does not fail as a matter of law; therefore, the Commissioner's motion for judgment on the pleadings must be denied.

### B.    Jurisdiction under the Maine Administrative Procedure Act

After reviewing the filings in this case, the court requests that the parties brief the issue of the timeliness of Garnett's petition for review of final agency action, Counts I and II of the complaint. *See* 5 M.R.S. § 11002(3) (2008). *See Post v. State of Me., Dep't of Marine Res.*, 605 A.2d 81 (Me. 1992). Each party shall file a single brief, not to exceed ten pages, to be filed within ten days of the date of this order.

### CONCLUSION

Accepting all matters pleaded as true and drawing all rational inferences in favor of the plaintiff, Count III does not fail as a matter of law. Therefore, the defendant's motion for judgment on the pleadings is denied.

4

The entry is:

     1.     The defendant's motion for judgment on the pleadings as to Count III of the plaintiff's complaint is **DENIED**.

     2.     The court requests briefings from the parties as to the court's jurisdiction to hear this matter in light of 5 M.R.S. § 11002(3) (2008). Briefs from each party, not exceeding ten pages, shall be filed within ten days of the date of this order.

     3.     This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: April 5, 2009

William R. Anderson
Justice, Superior Court

Date Filed __12/10/08__ __Penobscot__ Docket No. __AP-2008-27__
                                    County

Action __Rule 80C Appeal__

Specially assigned to Justice William R. Anderson

| | |
|---|---|
| WAYNE GARNETT | COMMISSIONER, MAINE DEPARTMENT OF vs. AGRICULTURE |
| Plaintiff's Attorney<br>Steven T. Blackwell Esq<br>Lanham & Blackwell, P.A.<br>470 Evergreen Woods<br>Bangor ME  04401 | Defendant's Attorney<br>Office of the Attorney General<br>6 State House Station<br>Augusta ME  04333-0006<br>By: Mark A. Randlett, AAG |