STATE OF MAINE                                          SUPERIOR COURT

Cumberland, ss.
STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 06 2016

RECEIVED

HELENE LEVY, LEONARD LEVY
and VICTORIA LYNCH

                    Plaintiffs

            v.                              Docket No. PORSC-CV-16-123

ANNEMARIE GERMAIN and
ANNEMARIE GERMAIN, personal representative
of the Estate of Eleanor Potter

                    Defendants

### ORDER ON MOTION TO DISMISS

Annemarie Germain, in her capacity as personal representative of the Estate of Eleanor Potter [hereinafter the Personal Representative], has filed a Motion to Dismiss the claims asserted against her by Plaintiffs Helene Levy, Leonard Levy and Victoria Lynch. The Plaintiffs have filed a timely opposition and the Personal Representative has filed a timely reply. The court elects to decide the Motion to Dismiss without oral argument. *See* M.R. Civ. P. 7(b)(7).

The material allegations of the Plaintiffs' complaint are as follows:

The Plaintiffs are the step-grandchildren of Eleanor Potter. They challenge a will in which Eleanor Potter named Annemarie Germain, who was her caregiver, her sole beneficiary. The complaint specifically asserts that Annemarie Germain engaged in undue influence and tortious interference with the Plaintiffs' expectancy of inheriting some of their step-grandmother's estate, with the rest going to various charities or institutions.

Counts I through VI of the complaint seek actual and punitive damages on behalf of each of the Plaintiffs against AnneMarie Germain in her individual capacity. Count VII asserts

1

a damages claim against her as Personal Representative, and also alleges that to the extent the Personal Representative holds and thereby retains control over asserts of the Eleanor Potter Estate, she holds them in trust for the Plaintiffs.

The Motion to Dismiss argues that the complaint fails to state a claim as to the Personal Representative because the Personal Representative could not have engaged in undue influence or tortious interference with Plaintiffs' alleged expectancy because she became Personal Representative only after Eleanor Potter's death. Based on the same reasoning, she argues that she cannot be liable on a constructive trust theory because she could not have exploited any confidential relationship with Eleanor Potter. The Plaintiffs acknowledge that Annemarie Germain as Personal Representative could not have engaged in undue influence or tortious interference, but contend that the Personal Representative can be liable for constructive trust to the extent she retains control over the assets that are the subject of the Plaintiffs' claims.

The standard of review applicable to a Rule 12(b)(6) motion to dismiss calls for the court to determine whether the pleading to which the motion is directed, viewed in a light most favorable to the non-moving party, states any cognizable claim for relief. *See Town of Eddington v. University of Maine Foundation.* 2007 ME 74,, §5, 926 A.2d 183, 184; *Heber v. Lucerne–in–Me. Vill. Corp.,* 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

It is a basic principle of the law of constructive trust that the *res* of a constructive trust can be traced beyond the original wrongdoer into the hands of third parties. *See Spickler v. Flynn,* 494 A.2d 1369, 1373 n.4 (Me. 1985); *Forbes v. Wells Beach Casino, Inc.,* 646, 653 (Me. 1979). If Annemarie Germain as Personal Representative has already distributed all of the *res*—the Estate assets on which Plaintiffs seek to impose a constructive trust (presumably to herself in her individual capacity), then there may be no basis for asserting a constructive trust

2

claim against her as Personal Representative.   If she has not distributed all of the *res*, then, based on the fact that the alleged wrongdoer and the Personal Representative are the same person, the Personal Representative is a proper party defendant.   At this stage of the case, viewing the complaint in a light most favorable to the Plaintiffs, the court cannot say they have no cognizable claim against Annemarie Germain in her Personal Representative capacity.

Accordingly, it is hereby ORDERED:  The Personal Representative's Motion to Dismiss is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated June 6, 2016

A.M. Horton, Justice

3