STATE OF MAINE                                          SUPERIOR COURT

Cumberland, ss.

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 12 2017

RECEIVED

PAMELA GLEICHMAN and KARL NORBERG

Plaintiffs

v.                                                     Docket No. PORSC-CV-15-0539

ROSA SCARCELLI,  STANFORD MANAGEMENT, LLC,
ACADIA MAINTENANCE, LLC, PRESERVATION HOLDINGS, LLC
and NORMAN, HANSON & DETROY, LLC

Defendants

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS
## OF DEFENDANTS SCARCELLI, STANFORD, ACADIA AND PRESERVATION

Defendants Rosa Scarcelli, Stanford Management, LLC ["Stanford"], Acadia Maintenance, LLC ["Acadia"] and Preservation Holdings, LLC ["Preservation"] have filed a motion for judgment on the pleadings. Plaintiffs Pamela Gleichman and Karl Norberg have opposed the motion, and the moving Defendants have filed a reply.

The court elects to decide the motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

*Background*

This case presents another chapter in the history of litigation between Plaintiffs Pamela Gleichman and Karl Norberg and Defendant Rosa Scarcelli, who is Plaintiff Gleichman's daughter and Plaintiff Norberg's step-daughter. In addition to naming the moving Defendants in this case, the Plaintiffs have named the Norman, Hanson & DeTroy, LLC law firm (NHD) as a defendant.

1

The Plaintiffs' operative pleading is their Second Verified Amended Complaint ["the Amended Complaint"], which is too long to summarize here. Defendants' motion contends that many of the twenty two counts of the Amended Complaint are legally insufficient.[1]

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) of the Maine Rules of Civil Procedure is similar to that on a Rule 12(b)(6) motion—whether the pleading to which the motion is directed, viewed in a light most favorable to the non-moving party, states a valid claim. *See Town of Eddington v. University of Maine Foundation,* 2007 ME 74,, §5, 926 A.2d 183, 184; *Heber v. Lucerne–in–Me. Vill. Corp.,* 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

The court's rulings are as follows:

*Count I*

The disagreement between Defendants and Plaintiffs about the validity of Count I seems to focus on whether the references to the Defendants' alleged violation of statutes regarding registration of securities, auctioneer licensing and secured transactions are meant to assert private causes of action for violation of those statutes. On its face, count I is a declaratory judgment claim regarding the validity of the sale by auction to Preservation Holdings, LLC of the stock of General Holdings, Inc. Plaintiffs say that their references to the securities, auctioneer license and secured transaction statutes are not intended to state any causes of action based on those statutes. The court agrees with the Defendants that Plaintiffs likely do not have standing to assert causes of action under any of the statutes, but agrees with Plaintiffs that their Second Verified Amended Complaint states a cognizable declaratory judgment claim as to the validity of the disputed auction. If the

---

[1] The Second Verified Amended Complaint contains counts numbered I through XXIII, but there is no count IX.

[2] "[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."

2

references to the auctioneer and securities statutes are simply meant to bolster Plaintiffs' challenge to the sale, the court need not say at the pleadings stage whether evidence of any statutory violation might be admissible. Accordingly, based on Plaintiffs' assertion that Count I asserts a declaratory judgment claim only, the Defendants' motion for judgment on the pleadings will be denied as to Count I.

*Counts IV, V, VI, X and XVIII*

Defendants Scarcelli, Stanford, Acadia and Preservation move for partial judgment on the pleadings on Counts IV, V, VI and X of the Amended Complaint on grounds of res judicata/claim preclusion. Their motion plainly relies on material outside the pleadings, and in fact is accompanied by exhibits from the prior litigation that the motion contends preclude the claims in Counts IV, V, VI, X and XVIII. The exception to the rule that only the pleadings may be considered in a motion to dismiss or for judgment on the pleadings does not encompass all of the material on which the Defendants rely for their res judicata/claim preclusion argument. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43. The *Moody* exception extends to documents central to the Plaintiffs' claims, documents referred to in the complaint, or official public documents. The various documents from the prior litigation on which the moving Defendants rely do not appear to fall in any of these categories.

On the present record, the court is unable to say that the Defendants are entitled to judgment on claim preclusion grounds and therefore denies their motion on these counts. These issues would better be raised in the summary judgment process.

3

*Count VIII*

Defendants moved for summary judgment on Count VIII (which is titled Count IIX in the Amended Complaint), which alleges that the Defendants converted stock of Gleichman & Co. (presumably referred to the sale by auction of General Holdings, Inc. stock).

Although the court has already ruled that Defendant NHD is entitled to judgment on the pleadings as to Count VIII, the court agrees with Plaintiffs that Defendants are not entitled to judgment on that count, at least at this stage, so at least for pleading purposes, the claim may proceed as to the Defendants other than NHD.

*Count XI*

Count XI advances what is labeled as an abuse of process claim. It says that Defendant Scarcelli "misused legal process" but that "Plaintiffs suffered damages as a result of the Defendants' misuse of process." It is thus not clear whether Count XI is alleged against all Defendants or just Defendant Scarcelli.

The Supreme Judicial Court of Maine, sitting as the Law Court, has defined the tort of abuse of process as follows:

> Abuse of process is the use of process in a manner not proper in the regular conduct of the proceedings where there is an ulterior motive. In contrast to a claim of wrongful use of civil proceedings which lies where there is no basis for an entire claim, abuse of process "covers the allegedly improper use of individual legal procedures after a suit has been filed properly. Typical abuse of process cases involve misuse of such procedures as discovery, subpoenas, and attachment.

*Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 708 A.2d 651, 655 n.8 (Me. 1998), citing *Goucher v. Dineen*, 471 A.2d 688, 689 (Me.1984); *Nadeau v. State*, 395 A.2d 107, 117 (Me.1978) (internal quotes and ellipses omitted).

The abuse of process tort "require[s] a prima facie showing of two elements: (1) 'the use of process in a manner improper in the regular conduct of the proceeding," and (2) "the

4

existence of an ulterior motive.'" *Nader v. Maine Democratic Party*, 2012 ME 57, ¶ 38, 41 A.3d 558, 563, quoting *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 23, 901 A.2d 189. *See also Tanguay v. Asen*, 722 A.2d 49, 50 (Me.1998) ("Regular use of process ... cannot constitute abuse, even if a decision to act or a decision not to act, was influenced by a wrongful motive.").[2]

Count XI does not specify what legal process was abused, nor does a fair reading of the complaint reveal a basis for the claim. Clearly the Plaintiffs are claiming that Scarcelli and other Defendants acted out of improper motives, but there is no allegation that the Defendants used any form of legal process—such as a subpoena or a writ of attachment—in a manner not permitted by law. Whatever their purpose or motive, if the Defendants utilized legal process in the manner by which it is permitted to be used, their actions cannot constitute abuse of process.

Accordingly, the moving Defendants are granted judgment on Count XI.

*Count XVI*

The moving Defendants move for judgment on the pleadings as to Count XVI on the ground that it simply presents a claim for punitive damages, which is a form of relief rather than a theory of liability or a cause of action. Punitive damages indeed are not a freestanding cause of action or theory of liability, but are only a form of relief that depends on proof of an independent tort involving actual or implied malice, but Plaintiffs note that this and other courts have sometimes allowed such counts to stand and sometimes not.

In any event, Plaintiffs have demanded an award of punitive damages elsewhere in their Verified Second Amended Complaint, in paragraph (e) of their prayer for relief at page 83,

---

[2] "[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." RESTATEMENT (SECOND) OF TORTS § 682, comment b.

thereby rendering surplus the identical prayer reflected in Count XVI. Count XVI will be dismissed as redundant.

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion for Partial Judgment on the Pleadings filed by Defendants Rosa Scarcelli, Stanford Management, LLC Acadia Maintenance, LLC and Preservation Holdings, LLC is hereby granted in part and otherwise denied.

2. Defendants Rosa Scarcelli, Stanford Management, LLC Acadia Maintenance, LLC and Preservation Holdings, LLC are granted judgment on Count XI of the Plaintiffs' Verified Second Amended Complaint.

4. Count XVI of the Verified Second Amended Complaint is dismissed.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated January 11, 2017

A. M. Horton, Justice

6