STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.

STATE OF MAINE
Cumberland, ss Clerk's Office

JUL 05 2017
8:25 a.m.
RECEIVED

JEFFREY LIBBY

                    Plaintiff

         v.                                       Docket No. PORSC-CV16-0357

CHRISTIAN ROY and
THE ROMAN CATHOLIC BISHOP OF PORTLAND

                    Defendants

## ORDER ON DEFENDANT ROY'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

Defendant Christian Roy has filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Maine Rules of Civil Procedure. The Motion is opposed by Plaintiff Jeffrey Libby. The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

Defendant Roy's Motion contends that, on the face of the Plaintiff's complaint, all of Plaintiff's claims are barred by the applicable statutes of limitations, *see* 14 M.R.S. § 752 (general six-year limitations period); *id.* § 753 (two-year limitations period for civil claims of battery); *id.* § 853 (tolling provision), and by the notice and limitations provisions of the Maine Tort Claims Act,

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) of the Maine Rules of Civil Procedure is similar to that on a Rule 12(b)(6) motion—whether the pleading to which the motion is directed, viewed in a light most

1

favorable to the non-moving party, states a valid claim. *See Town of Eddington v. University of Maine Foundation,_*2007 ME 74,, §5, 926 A.2d 183, 184; *Heber v. Lucerne–in–Me. Vill. Corp.,* 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

## *Background*

The allegations of the complaint, taken as true for purposes of Defendant Roy's Motion, may be summarized as follows:

Christian Roy is a former Catholic priest who was laicized in 2005. While Plaintiff was a minor, Defendant Roy committed sexual abuse and battery upon Plaintiff on multiple occasions during 1979-82. Later, on occasions between 1987 and 1991, after Plaintiff became an inmate at the Maine State Prison, Defendant Roy, while serving as a chaplain at the prison, touched Plaintiff's leg and caused Plaintiff severe emotional distress.

Defendant Roy denies all of the allegations of sexual abuse, touching and infliction of emotional distress.

## *Analysis*

Defendant Roy's Motion relies on one fact outside the Complaint—Plaintiff's date of birth, which is relevant because the relevant statutes of limitations were tolled until Plaintiff turned 18 years of age. *See* 14 M.R.S. § 853. In the court's view, because Plaintiff's date of birth is not in dispute, and because he characterizes some of his claims as having arisen while he was a minor, he cannot object to his date of birth being considered for purposes of Defendant Roy's Motion.

Section 853 reads as follows: "If a person entitled to bring any of the actions under sections 752 to 754, including section 752-C, and under sections 851 and 852 and Title 24, section 2902 and, until July 1, 2017, section 2902-B is a minor, mentally ill,

2

imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed."

Because Plaintiff's allegations cover alleged tortious acts occurring while he was a minor, and also tortious acts occurring while he was a prisoner, section 853 operates to toll the applicable limitations period for both reasons. The legal issues are different.

*Plaintiff's Claims Accruing While He was a Minor*

It is undisputed that Plaintiff was born February 20, 1963, meaning that he turned 18 on that date in 1981. In 1985, the Maine Legislature enacted a separate six-year statute of limitations for claims of sexual abuse of minors, codified at 14 M.R.S. § 752-C. *See* 1985 Me. Pub. L. ch. 343, §1. That statute was in effect as of February 21, 1987, six years and one day after the Plaintiff's 18th birthday. Accordingly, the limitations period applicable to the claims that accrued while Plaintiff was a minor expired no later than on that date.[1]

In a series of amendments to section 752-C in 1989, 1991, 1993 and 1999, the Maine Legislature initially extended and later eliminated the limitations period for claims of sexual abuse of minors. *See* 1989 Me. Pub. L. ch. 292; 1991 Me. Pub. L. ch. 551, §§1-2; 1993 Me. Pub. L. ch. 176, §1; 1999 Me. Pub. L. ch. 639, §1-2. However, all of the amendments specifically provided that they did not cover claims that had already expired under the statute in effect at the date of expiration. Plaintiff's claims that accrued

---

[1] Defendant Roy argues that the two-year statute of limitations for civil assault and battery applies to some of Plaintiff's claims, *see* 14 M.R.S. § 753, but this argument need not be addressed, given that Plaintiff's claims arising out of events during 1979-82 are time-barred under the six-year statute in any event.

while he was a minor became time-barred no later than February 21, 1987, so none of the subsequent amendments revived those claims.

Defendant Roy is entitled to judgment on the pleadings as a matter of law on those claims.

*Plaintiff's Claims Accruing After His 18th Birthday and Before His Imprisonment*

The complaint alleges that Defendant Roy continued to commit acts of sexual abuse against Plaintiff during 1981-82. The six-year statute of limitations contained in the version of section 752-C that had been enacted in 1985 was still in effect on January 1, 1989, six years and one day from the last day of 1982. Because there is no tolling of the statute for claims arising after Plaintiff's 18th birthday, any claims that arose between February 21, 1981—the day after Plaintiff's 18th birthday—and December 31, 1982 would also be time-barred, and not revived by any of the subsequent amendments to section 752-C.

Defendant Roy is entitled to judgment on the pleadings as to these claims, too.

*Plaintiff's Claims from 1987-91, While He Was in Prison*

Because Plaintiff claims that Defendant Roy committed further tortious acts between 1987-91, while Plaintiff was imprisoned, and because Plaintiff continues to be imprisoned, the limitations period was tolled as of when the claims accrued and has still not begun to run. Defendant's argument for judgment is therefore not based on the general statute of limitations but on the notice and limitations provisions of the Maine Tort Claims Act. *See* 14 M.R.S. § 8107 (180-day notice requirement); *id.* § 8110 (two-year limitations period). It appears to be undisputed that the Plaintiff has not given

written notice of a tort claim for purposes of the Maine Tort Claims Act. Also, because the Act's limitations provision is tolled only during a claimant's minority and does not include a tolling provision for prisoners, if Plaintiff's claims against Defendant Roy are subject to the Maine Tort Claims Act, they are likely time-barred.

However, Plaintiff's opposition points out that the record before the court does not enable the court to determine whether Defendant Roy was covered by the provisions of the Maine Tort Claims Act while he was providing chaplain services at the state prison. The Maine Tort Claims Act covers tort claims against employees of a governmental entity but does not cover claims against persons "acting in the capacity of an independent contractor under contract to the governmental entity." 14 M.R.S. § 8102(1).

Plaintiff is correct in contending that the record before the court does not enable the court to determine whether Christian Roy was an employee of the Maine Department of Corrections during 1987-91 and therefore whether the claims against him for those years are subject to the Maine Tort Claims Act. What is clear is that if those claims are not subject to the Act, the statute of limitations remains tolled.[2]

Accordingly, Defendant Roy's Motion is denied as to those claims.

---

[2] Defendant Roy also argues that Plaintiff's complaint fails to state any claim for the years 1987-91. Essentially, Plaintiff argues that Defendant Roy stroked and rubbed his leg, i.e. committed civil battery (and perhaps civil assault) and caused him emotional distress. Although Plaintiff does plead intentional infliction of emotional distress (IIED) as an independent tort, any emotional distress he can prove he suffered might be recoverable as damages on the civil battery claim. Accordingly, the court concludes that the complaint states at least a cognizable claim for civil battery and for negligence, if not the additional theories of liability it alleges against Defendant Roy.

IT IS ORDERED: Defendant Roy's Motion for Judgment on the Pleadings is granted as to all claims of Plaintiff Jeffrey Libby against Defendant Roy based on any act of Defendant Roy committed before Plaintiff's imprisonment, and is otherwise denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated July 3, 2017

_____

A. M. Horton, Justice

VERNE PARADIE JR, ESQ
PARADIE SHERMAN WALKER & WORDEN
217 MAIN ST SUITE 400
LEWISTON, ME  04240

RUSSELL PIERCE, ESQ
NORMAN HANSON & DETROY LLC
PO BOX 4600
PORTLAND, ME  04112-4600

GERALD PETRUCCELLI, ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND, ME  04112-8555