STATE OF MAINE                    STATE OF MAINE
Cumberland, ss. Clerk's Office                    SUPERIOR COURT

Cumberland, ss.                   SEP 13 2017
8:41 a.m.
RECEIVED                   Location: Portland

F.C. BEACON GROUP, INC.

Plaintiff

v.                                                    Docket No. CUMSC-CV-17-0221

CRAIG BELANGER et als.

Defendants

**ORDER ON PENDING MOTIONS**

This civil action involves claims by F. C. Beacon Group, Inc. ["Beacon"], a management consulting firm, against four former employees and the current employers of those former employees, alleging violation of employment agreements, misappropriation of trade secrets, among other claims.

Before the court is the Motion to Dismiss and, Alternatively, Motion for More Definite Statement filed by Defendants Craig Belanger, Richard Crumb, Rachel Eschle and their current employer, BCE Partners, LLC [hereinafter "the BCE parties"] and the Partial Motion to Dismiss filed by Defendant Meaghan Flood and her employer, Anchor Research, LLC [hereinafter "the Anchor parties"]. The motions are opposed. The court elects to decide the motions without oral argument. *See* M.R. Civ. P. 7(b)(7).

*Standard of Review*

A motion to dismiss under M.R. Civ. P. 12(b)(6) requires the court to decide whether the pleading to which the motion is directed states a cognizable claim for

1

relief, viewing the allegations in a light favorable to the non-moving party. *See Town of Eddington v. University of Maine Foundation*, 2007 ME 74, ¶ 5, 926 A.2d 183, 184; *Heber v. Lucerne–in–Me. Vill. Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

The two motions also challenge the complaint as being insufficiently specific or particular in certain respects. As the Law Court has observed, "Maine is a notice pleading state, . . . only requir[ing] a short and plain statement of the claim to provide fair notice of the cause of action." *Johnston v. Me. Energy Recovery Co.*, 2010 ME 52, ¶ 16, 19 A.3d 823.

*Analysis*

The BCE parties' motion contends that all six counts of the complaint should be dismissed for failure to state a claim. The Anchor parties' motion is directed to Counts II, III and V. In the court's view, for the reasons stated below, Counts I, II, IV, V and VI are not insufficient, viewed in a light most favorable to the non-moving party.

Specifically, Count I of the complaint, for breach of contract, does sufficiently allege the existence of contracts between Beacon and the individual BCE parties as well as actions in breach. The BCE parties' claim that the contracts should be governed by California law is contrary to the choice of law provision alleged to be in the contracts. On this record, the court is not persuaded that California law should be applied. Only one of the individual BCE parties, Mr. Crumb, is alleged to be a California resident, and if the BCE parties chose to form BCE Partners, LLC under California law, that does not necessarily mean that California law governs. The

2

factual predicate for the application of California law on any legal issue is not yet before the court. The BCE parties' motion to dismiss will be denied as to Count I.

As to Count II of the complaint, which alleges misappropriation of trade secrets, both of the motions to dismiss contend that the complaint lacks any specifics as to how Beacon defines its protected trade secrets. However, paragraph 90 of the complaint defines, in considerable detail, what Beacon deems to be its "confidential information," and paragraph 92 designates the defined confidential information as being Beacon's protected "trade secrets." Plainly, not all of the designated material may qualify as trade secrets, but it is defined in sufficiently particular terms to put the BCE parties on notice of what Beacon claims to be protected.

The complaint is admittedly less than particular in terms of alleging exactly what the defendants are supposed to have misappropriated, but it need not be more particular than it is. The BCE parties' motion seeks a more definite statement as an alternative to dismissal, but the complaint is sufficiently definite—the defendants can ascertain through discovery exactly what they are alleged to have misappropriated.

Both motions seek the dismissal of Count III, for tortious interference, on the ground that it fails to allege that the alleged interference was committed by means of either fraud or intimidation. In Maine, to establish a claim for tortious interference with contractual relations, a plaintiff must prove the following: "(1) that a valid contract or prospective economic advantage existed; (2) that the defendant interfered

3

with that contract or advantage through fraud[1] or intimidation; and (3) that such interference proximately caused damages."[2] *Currie v. Indus. Sec., Inc.*, 2007 ME 12, ¶ 31, 915 A.2d 400 (*quoting Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d. 1104). Count III of the complaint fails to allege fraud or intimidation.

Beacon responds in essence that the interference claim rests on fraudulent non-disclosure—the defendants fraudulently concealed their intentions from Beacon. However, the fraud or intimidation has to be in the context of the interference itself, i.e. directed to a party with whom Beacon has a contract or relationship, not to Beacon itself. The motions will be granted as to Count III.

As to Count IV, alleging breach of fiduciary duty, the BCE defendants contend that the complaint is insufficiently particular and also that the alleged breaches are de minimis. The latter argument is better saved for summary judgment, and the former argument is not founded. Paragraphs 40-46 and 61-70 of the complaint spell out in some detail acts that Beacon contends to be in breach of the individual

---

[1] Fraud requires the following:

    (1) Making a false representation;
    (2) Of a material fact;
    (3) With knowledge of its falsity or in reckless disregard of whether it is true or false;
    (4) For the purpose of inducing another to act or refrain from acting in reliance on it; and
    (5) The other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

*Rutland v. Mullen*, 2002 ME 98, ¶ 14, 798 A.2d 1104. "Each of those elements must be proved by clear and convincing evidence." *Mariello v. Giguere*, 667 A.2d 588, 590 (Me. 1995).

[2] "Intimidation is not restricted to frightening a person for coercive purposes, but rather exists wherever a defendant has procured a breach of contract by making it clear to the party with which the plaintiff had contracted that the only manner in which that party could avail itself of a particular benefit of working with defendant would be to breach its contract with plaintiff." *Currie*, 2007 ME 12, ¶ 31, 915 A.2d 400 (quoting *Pombriant v. Blue Cross/Blue Shield of Maine*, 562 A.2d 656, 659 (Me. 1989)) (citations omitted*)*.

defendants' fiduciary duty to Beacon.   The BCE parties' motion to dismiss will be denied as to Count IV.

Both motions seek to dismiss Count V of the complaint, for civil conspiracy, on the ground that civil conspiracy is not an actionable tort in Maine. *See Cohen v. Bowdoin*, 288 A.2d 106, 111-112 (Me. 1972) (civil conspiracy is not a tort in itself but may render conspirators liable for joint action in the commission of an actionable tort). Because civil conspiracy is not a freestanding cause of action, the viability of a civil conspiracy claim in a pleading is dependent on there being an independent, actionable tort alleged in the same pleading. Without an alleged independent actionable tort, there would be no basis for imposing civil conspiracy liability. Because Counts II and IV allege acts sounding in tort, they furnish a basis for the civil conspiracy claim alleged in Count V.   On that basis, the motions to dismiss Count V will be denied.

The BCE parties' motion seeks the dismissal of Count VI, for declaratory judgment, on the ground that the complaint does not sufficiently allege a justiciable controversy among the parties for purposes of declaratory relief.   In the courts' view, Count VI, which incorporates prior allegations, is sufficient to withstand dismissal.

Accordingly, it is ORDERED AS FOLLOWS:

The Motion to Dismiss and, Alternatively, Motion for More Definite Statement filed by Defendants Craig Belanger, Richard Crumb, Rachel Eschle and BCE Partners, LLC and the Partial Motion to Dismiss filed by Defendant Meaghan

Flood and Anchor Research, LLC are hereby granted as to Count III of the complaint and are otherwise denied.

Count III is hereby dismissed.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated 12 September 2017

_____
A.M. Horton, Justice

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

for Pltf:
ELIZABETH KAYATTA, ESQ
ARROWOOD PETERS
10 POST OFFICE SQ STE 1180 NO
BOSTON, MA 02109

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

for Defs Belanger, Crumb, Eschle and BCE Partners:
ROBERT KLINE, ESQ
KLINE LAW OFFICES
PO BOX 7859
PORTLAND, ME 04112-7859

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

for Defs Flood and Anchor Research:

ADRIANNE FOUTS, ESQ
DRUMMOND WOODSUM
84 MARGINAL WAY
SUITE 600
PORTLAND, ME  04101-2480