**STATE OF MAINE**

Cumberland, ss.

**WELLS FARGO BANK, N.A., as Trustee**

Plaintiff

v.

**BRADFORD J. WHITE**

Defendant

SUPERIOR COURT

STATE OF MAINE
Cumberland, ss. Clerk's Office

NOV 29 2017
2:51 p.m.
RECEIVED

Docket No. PORSC-RE-17-0175

## ORDER ON PLAINTIFF'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

Defendant Bradford J. White has filed a Motion for Judgment on the Pleadings in response to the renewed foreclosure complaint filed against him by Plaintiff Wells Fargo Bank, N.A. as Trustee. Plaintiff opposes the Motion and Defendant has filed a reply to Plaintiff's opposition.

The court elects to decide Defendant's Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

*Background*

Not all of the background facts are pertinent to the pending Motion. What is pertinent is that this is the second foreclosure action commenced by Plaintiff against Defendant. The prior action was filed in 2011 and went to a non-jury trial in 2013. *See Wells Fargo Bank, as Trustee v. White*, Me. Super. Ct., Cum. Cty, Docket No. CUMSC-RE-11-77. In an order dated March 21, 2014, the court entered a foreclosure judgment in favor of Wells Fargo "based on indebtedness of $110,000,"

1

less than Wells Fargo claimed to be due, but more than Bradford White agreed was due. *See id.*, Order (Mar. 21, 2014). However, in September 2014, after the Maine Law Court had issued its decision in *Bank of America v. Greenleaf*, 2014 ME 89, 96 A.3d 700, the Superior Court *sua sponte* vacated its March 2014 order and entered judgment for Bradford White "on the ground that the notice of default and right to cure letter sent to White on November 17, 2010 did not comply with 14 M.R.S. § 6111." *Id.*, Order (Sept. 5, 2014). The second judgment does not state that whether is entered with, or without, prejudice. Neither party appealed from the second judgment, so it became the final judgment in the prior action.

The sole issue raised by Defendant White's Motion for Judgment on the Pleadings is whether the September 2014 judgment in favor of Defendant operates to bar Plaintiff's claim in this case. Defendant says the September 2014 judgment is *res judicata* as to Plaintiff's claim; Plaintiff says it is not.

*Standard of Review*

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) of the Maine Rules of Civil Procedure is similar to that on a Rule 12(b)(6) motion—whether the pleading to which the motion is directed, viewed in a light most favorable to the non-moving party, states a valid claim. *See Town of Eddington v. University of Maine Foundation*, 2007 ME 74,, §5, 926 A.2d 183, 184; *Heber v. Lucerne–in–Me. Vill. Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

In this case, Defendant's Motion relies on matter outside the pleadings, namely the September 2014 judgment in Defendant's favor in the prior foreclosure

2

action. However, materials outside the pleadings can be considered, and the court can take judicial notice of its own docket and its prior orders. *Cf. Moody v. State Liquor and Lottery Commission*, 2004 ME 20, ¶ 10, 843 A.2d 43, 48 ("official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint [can be considered] without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged").

*Analysis*

Defendant contends that the outcome of this case is dictated by the Law Court's recent decision in *Federal National Mortgage Association v. Deschaine*, 2017 ME 190, 170 A.3d 230.

In that case, the foreclosure plaintiff Federal National Mortgage Association (FNMA) commenced a second residential foreclosure action against the defendant borrowers. FNMA's first action had been "dismissed with prejudice because the parties had failed to comply with the court's pretrial order." *Id.* ¶ 1, 170 A.3d 230. FNMA did not appeal or seek post-judgment relief, and the judgment became final. *Id.* The next year, FNMA commenced its second action, based on the same note and mortgage, relating to the same property. *Id.* The borrowers were granted summary judgment in the trial court, on the basis that the prior judgment was *res judicata* and barred the new action. *Id.*

On appeal, the Law Court agreed with the borrowers, holding that the fact that FNMA had accelerated the note meant that its entire claim had been

3

adjudicated in the prior action, citing *Johnson v. Samson Construction Corp.*, 1997 ME 220, 704 A.2d 866.

In the prior action between Wells Fargo and Mr. White, the initial judgment entered by the court in favor of Wells Fargo for $110,000 plainly constituted an adjudication on the merits that would bar this action. But that judgment was vacated.

The second and final judgment entered in the prior action granted judgment to Defendant White "on the ground that the notice of default and right to cure letter sent to White on November 17, 2010 did not comply with 14 M.R.S. § 6111." *Id.*, Order (Sept. 5, 2014). Compliance with section 6111 is required before a the holder of a note and mortgage on residential property can accelerate payment of the entire balance due:

> With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for personal, family or household use, the mortgagee *may not accelerate maturity of the unpaid balance of the obligation or otherwise enforce the mortgage* because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter until at least 35 days after the date that written notice pursuant to subsection 1-A is given by the mortgagee to the mortgagor . . .

14 M.R.S. § 6111 (emphasis added).

Because Wells Fargo failed to comply with section 6111 in the prior action, it was not entitled to accelerate payment of Mr. White's underlying obligation or enforce the mortgage. It appears that Wells Fargo did attempt to accelerate

4

payment, but its attempt was not valid, according to the judgment. An invalid attempt to accelerate payment is not the same as acceleration. Because Plaintiff Wells Fargo was not entitled to accelerate payment or enforce the mortgage, all that could have been adjudicated in the prior action was the amount then due on the note.

The rule of *Johnson v. Samson Construction* applies when the prior action involved an actual acceleration of payment on the underlying debt, such that the court's judgment in the action adjudicates the entire claim. Because there was no acceleration of payment in the prior action between Wells Fargo and Mr. White, the rule of *Johnson v. Samson Construction* does not apply. *See Pushard v. Bank of America*, 2016 WL 3509467, 2016 Me. Bus. & Consumer LEXIS 23 (Me. Bus. & Consumer Docket Mar. 15, 2016).

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is denied.

Pursuant to M.R. Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

Dated November 29, 2017

_____
A. M. Horton, Justice

5