STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-19-25

GEORGE FERNALD

    Petitioner,

**ORDER**

v.

MAINE DEPARTMENT OF
CORRECTIONS

    Respondent.

Before the court are two motions. The first is Respondent Maine Department of Corrections ("MDOC's") motion to dismiss Petitioner George Fernald's 80C petition for review. The second is Petitioner Fernald's motion to modify the record.

## Background

On May 27, 1966, Fernald was convicted of Murder and sentenced to life imprisonment. (Pet. ¶ 3); *State v. Fernald, Me.*, 248 A.2d 754 (1968). On March 6, 1974, Fernald's sentence was commuted from life to "eleven years, eleven months to life" in order to allow Fernald to become eligible for Parol at an earlier date. *Fernald v. Me. State Parole Bd.*, 447 A.2d 1236, 1237 (Me. 1982). On November 19, 2007, Fernald was released on parol from the Maine State prison. (Pet. ¶ 4.)

On March 13, 2019, Fernald mailed a written inquiry to the Warden of the Maine State Prison requesting information regarding Fernald's sentence calculation and good conduct deductions. (Pet. ¶ 11.) Fernald did not receive any response to this inquiry. (Pet. ¶ 11.) On March 27, 2019, Fernald mailed a second inquiry to the Warden. (Pet. ¶ 12.) Likewise, Fernald did not receive a response. (Pet. ¶ 12.) On April 2, 2019, Fernald mailed a "formal petition" to the Warden

1

seeking a "full audit and accounting of [Fernald's] good conduct deductions." (Pet. ¶ 13.) This petition also requested a "due process disclosure hearing." (Pet. ¶ 13.)

On April 6, 2019, Fernald received a letter from Toni Grant, a Department of Corrections Classification Officer. (Pet. ¶ 14 & Ex. D.) This letter informed Fernald that "good time" had not been calculated on his maximum life sentence while he was out on parol. (Pet. Ex. D.) The letter also informed Fernald that the end date of his sentence is unknown because the maximum term of his sentence is life. (Pet. Ex. D.)

On April 8, 2019, Fernald filed a prisoner grievance with the Maine State Prison which reiterated the requests Fernald made in his "formal petition." (Pet. Ex. E.) Fernald's grievance was dismissed by a Grievance Review Officer on April 16, 2019. On June 4, 2019, Fernald filed this 80C petition for review.

**Discussion**

MDOC has moved to dismiss the petition on the grounds that it was not filed within the period of time allotted for taking an appeal of final agency action. Pursuant to the Administrative Procedures Act, a petition for review "shall be filed within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought." 5 M.R.S. § 11002(3). This time limitation is jurisdictional. *Martin v. Dep't of Corrections.*, 2018 ME 103, ¶ 12, 190 A.3d 237. If a petition is untimely, the court may dismiss it. *Mutty v. Dep't of Corr.*, 2017 ME 7, ¶ 12, 153 A.3d 775.

In support of its motion, MDOC points to the record which contains a copy of the certified mail receipt showing that the notice of dismissal was mailed to Fernald on April 18, 2019. Additionally, the record also contains the return receipt which accompanied the mailing and which is signed by Fernald. Although this receipt shows that Fernald received a copy of the notice of dismissal, the receipt is not dated. The record, however, includes the post office tracking history

2

for the return receipt. The tracking history shows the receipt was returned to the Post Office on April 20, 2019 and returned to the Maine State Prison on April 22, 2019.

These record documents show that Fernald received a copy of the notice of dismissal no later than April 22, 2019. Additionally, Fernald admits in his petition that he received a letter from Toni Grant on April 6, 2019 which stated that he was not accruing good time and that there was no known end date to his sentence because his maximum term is life. Because the petition was filed on June 4, 2019—more than 30 days after Fernald received both the notice of dismissal and the letter from Toni Grant—the court concludes that it lacks jurisdiction to hear Fernald's appeal.¹ Consequently, Fernald's 80C petition for review must be dismissed. *Mutty*, 2017 ME 7, ¶ 12, 153 A.3d 775. Because the court is dismissing Fernald's petition, Fernald's motion to modify the record is moot and the court need not address it.

**The entry is**

**Petitioner George Fernald's 80C Petition for Review is DISMISSED**

**The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).**

Date:_____10/4/19_____                                        _____
                                                             **Justice, Superior Court**

---

¹ Fernald characterizes his petition as seeking relief for MDOC's failure and refusal to provide a due process hearing, sentence calculation, and audit of the good conduct deductions to which Fernald claims he is entitled. If Fernald were seeking review of a failure or refusal to act he would have six months, rather than thirty days, to file an appeal. 5 M.R.S. § 11002. Because MDOC did take action and responded to Fernald's request by informing him of the fact that he was not accruing good time and that there was no end date to his sentence, the court believes this action is properly characterized as one which seeks review of final agency action. *See Post v. State, Dep't of Marine Resources*, 605 A.2d 81, 81-82 (Me. 1992).

3